## INTERNATIONAL SHOE CO. v. COOL.
### No. 13177.

Circuit Court of Appeals, Eighth Circuit.
April 12, 1946.

Daniel Bartlett, of St. Louis, Mo. (Richard O. Rumer and Lawrence C. Kingsland, both of St. Louis, Mo., on the brief), for appellant.

Luke E. Hart, of St. Louis, Mo. (W. T. O. Hart and Albert J. McCauley, both of St. Louis, Mo., on the brief), for appellee.

Before GARDNER, JOHNSEN, and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from an order entered on plaintiff's application dismissing his action without prejudice. The action was

for an accounting and to recover reasonable compensation for the use by defendant of devices invented by plaintiff. This is the second appeal, the first being from a judgment of dismissal on the merits because of the insufficiency of the complaint. Cool v. International Shoe Co., 8 Cir., 142 F.2d 318.

The original complaint was filed October 1, 1936. The complaint has been three times amended and after remand the action was tried before a jury. After introducing testimony for four and a half days plaintiff rested his case and thereupon defendant interposed a motion for a directed verdict in its favor, setting out in its motion twenty-six specific grounds upon which it was based. This motion was argued and submitted to the court and the court announced its intention to sustain the motion and to direct a verdict in favor of defendant. Thereupon plaintiff asked leave to take a voluntary nonsuit, which motion the court, over the objection of defendant, granted. The proceeding taken is evidenced by the following order and judgment which is the order and judgment appealed from:

"Now again come the parties by their respective attorneys, and comes also the jury heretofore impaneled and sworn on trial of cause; whereupon the introduction of evidence in chief on behalf of plaintiff is resumed and concluded. Motion of defendant for a directed verdict in its favor at the close of plaintiff's case in chief is filed, argued, and submitted, and the court indicating its intention to sustain said motion, plaintiff asks and is granted a voluntary nonsuit; the jury is thereupon discharged and the court doth order that this cause be and it is hereby dismissed at plaintiff's costs."

The answer contained no counterclaim.

Defendant contends on this appeal that in the circumstances disclosed by the record it was error to grant plaintiff's motion and to dismiss plaintiff's action without prejudice.

Civil Procedure Rule 41(a) (1), 28 U.S.C.A. following section 723c, provides that subject to the provision of Civil Procedure Rule 23(c), to the effect that a class action shall not be dismissed nor compromised without approval of the court, and subject to the provisions of any statute of the United States, an action may be dismissed by the plaintiff at any time prior to the service of answer without order of court by filing a notice of dismissal. Subject to the same conditions a plaintiff may also dismiss his action without order of court by filing a stipulation for dismissal signed by all parties who have appeared in the action. The rule provides that unless otherwise stated in the notice or stipulation the dismissal shall be deemed to be without prejudice, subject to certain exceptions not here important. Paragraph (a) (2) of the same rule provides that except as provided in paragraph (1) of the rule, an action shall not be dismissed at plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. This paragraph also provides that a voluntary dismissal by the court shall be deemed to be without prejudice unless otherwise specified in the order.

Prior to the adoption of these rules, the plaintiff in an action at law in the Federal District Court under the Conformity Act, 28 U.S.C.A. § 724 had the same right to take a nonsuit that was given him by the laws of the state in which the court was sitting. Barrett v. Virginian R. Co., 250 U.S. 473, 39 S.Ct. 540, 63 L.Ed. 1092; Falvey v. Coats, 8 Cir., 47 F.2d 856, 89 A.L.R 1. In the absence of any controlling statute or state practice to the contrary, plaintiff in an action at law in a Federal Court tried before a jury, could take a nonsuit as of right only before the actual beginning of the trial after which time a right to take a voluntary nonsuit rested in the discretion of the court. In equity before the adoption of the Rules of Civil Procedure, Federal Courts had exercised wide discretion in imposing terms as a condition to dismissal without prejudice. These have included payment of all costs and expenses of the preparation for trial, including attorney fees and consent that all depositions taken might be used in any future litigation over the same subject matter. Concrete Mixing & Conveying Co. v. Great Western Power Co., D.C., 46 F.2d 331. Although the right to dismiss without prejudice was deemed to be a substantial one, it could be defeated if some plain legal prejudice would result to defendant other than the mere necessity or prospect of a second litigation upon the same subject. Ex parte Skinner & Eddy Corp., 265 U.S. 86, 44 S.Ct. 446, 68 L.Ed. 912. Since the adoption of the rules of civil procedure the Conformity Act is, of course, no longer applicable. Referring to this rule, Judge Thomas in Home Owners' Loan Corp. v. Huffman, 8 Cir., 134 F.2d 314, 316, among other things said:

780

"The effect of this rule is to confer upon the court in all civil actions the equitable power to impose upon a plaintiff seeking to dismiss without prejudice 'such terms and conditions as the court deems proper.'"

 At most, the discretion vested in the court is a judicial and not an arbitrary one and does not warrant a disregard of well settled principles of procedure. The record does not disclose any specific grounds as the basis of plaintiff's application for permission to dismiss without prejudice. There is nothing to indicate that any further evidence might be produced, nor were there any procedural grounds for such dismissal. In Boaz v. Mutual Life Insurance Co., 8 Cir., 146 F.2d 321, 323, we said:

"There being no fair probability or even claim on plaintiff's part that additional evidence could be furnished by plaintiff, there was neither error nor abuse of discretion in terminating the lawsuit so far as the district court was concerned, by final dismissal."

The action had been pending for about nine years. The complaint had been three times amended. There seems to have been ample opportunity to prepare the case for trial and four and a half days had been consumed in taking testimony at the time plaintiff rested his case. Defendant's motion for a directed verdict had been fully presented on its merits and submitted to the court, and the court had announced its intention to sustain the motion and direct a verdict for defendant. As the result of the proceeding the court had reached a decision on the merits and all that remained to be done was the accepting of a verdict and the entry of judgment thereon. To all intents and purposes the defendant had secured a decision that plaintiff's action was without merit and this decision had been announced. The discontinuance of the case in such circumstances involved more for the defendant than the mere annoyance and expense of a second litigation upon the same subject matter. It deprived it of the benefit of a decision in its favor. It is observed too that the dismissal was not conditioned upon the payment of costs but merely carried a judgment for costs. As said by us in Home Owners' Loan Corp. v. Huffman, supra:

"The plaintiff contends that the defendant's right to the payment of costs by the plaintiff is satisfied by the judgment for costs entered in favor of defendant and against the plaintiff. This contention has no merit. A judgment is not equivalent to payment."

Plaintiff argues at great length that the trial court had committed error in the course of the trial and for that reason the granting of his motion was proper. The right of appeal, however, existed and if error was committed that would not be a valid reason for granting a motion for dismissal without prejudice. It is also argued that plaintiff was taken by surprise by certain rulings of the court during the trial. There was, however, no motion for continuance but the case was submitted on the merits of defendant's motion for a directed verdict. Surprise during the trial might be urged as ground for a continuance. Fidelity & Deposit Co. v. L. Bucki & Son Lbr. Co., 189 U.S. 135, 23 S.Ct. 582, 47 L.Ed. 744; Preferred Accident Ins. Co. v. Patterson, 3 Cir., 213 F. 595. Be that as it may, the short answer to the contention would seem to be that it is based entirely on assertion contained in plaintiff's brief and there is nothing in the record below nor before this court to present the question as to whether surprise did or did not occur.

The judgment appealed from is therefore reversed and the cause remanded with directions to enter judgment dismissing plaintiff's action on its merits.