LARSEN v. SWITZER, Judge of the
United States District Court.

No. 14178.

United States Court of Appeals
Eighth Circuit.

Aug. 15, 1950.

Irving H. Green and Chester D. Johnson, Minneapolis, Minn., on brief, for petitioner.

Miller, Davis, Hise & Howland, Des Moines, Iowa, and Warren Newcome, St. Paul, Minn., on brief, for respondent.

Before GARDNER, Chief Judge, and SANBORN and THOMAS, Circuit Judges.

GARDNER, Chief Judge.

This is an original proceeding brought by petitioner seeking a writ of mandamus commanding respondent to enter an order allowing and permitting petitioner to dismiss without prejudice, upon such terms and conditions as respondent deems proper in the exercise of his judicial discretion an action pending before respondent as Judge of the United States District Court for the Southern District of Iowa in which she seeks to recover unliquidated damages.

Petitioner as Special Administratrix of the Estate of Wayne E. Sanders, deceased, commenced an action in the United States District Court for the District of Minnesota, against Chicago and North Western Railway Company under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for damages for the wrongful death of Wayne E. Sanders. Defendant in that action answered, following which petitioner as plaintiff in said action noticed the taking of certain depositions, whereupon defendant in said action interposed a motion to transfer the action to the United States District Court for the Southern District of Iowa. On May 2, 1950, the court entered an order transferring the action to the Southern District of Iowa. Thereafter petitioner moved the District Court for the District of Minnesota to dismiss her action without prejudice under Rule 41(a) (2) of

the Federal Rules of Civil Procedure, 28 U.S.C.A. Petitioner's motion to dismiss without prejudice was denied, whereupon she brought proceedings in this court against Honorable Gunnar T. Nordbye and Hon. Matthew M. Joyce, each being a Judge of the United States District Court for the District of Minnesota, whereby she sought to compel respondents in that proceeding to enter an order dismissing the action without prejudice, fixing the terms and conditions thereof. After hearing before this court the petition was denied. Larsen v. Nordbye, 8 Cir., 181 F.2d 765. Petitioner at that time had not moved to vacate the order transferring the action to the Southern District of Iowa. It was suggested during the argument that the District Court for the Southern District of Iowa had probably acquired jurisdiction and that there was at least doubt whether the respondents had jurisdiction to take any further action in said litigation. Petitioner thereafter made a motion before the District Court for the Southern District of Iowa to dismiss without prejudice, which motion was denied, and this proceeding followed.

It is the contention of petitioner that she had an unqualified right to dismiss her action without prejudice and that the only discretion vested in the trial court was that of fixing the terms and conditions upon which such motion might be granted.

 While the Federal Rules of Civil Procedure abolished in form writs of mandamus, Rule 81(b), Federal Rules of Civil Procedure, provision is made for the relief formerly available by mandamus. The purpose of a writ of mandamus is not to establish a legal right but to enforce a legal right which has already been established or is conceded, and the right of the petitioner to the performance of the act sought to be compelled must be clear, specific, complete and certain. Kay Ferer, Inc., v. Hulen, 8 Cir., 160 F.2d 146; United States v. Nordbye, 8 Cir., 75 F.2d 744. Mandamus may issue under certain circumstances to compel a judicial tribunal to exercise an existing jurisdiction but it is not to be extended so as to control the discretion and judgment of a tribunal acting within the scope of its jurisdiction. In other words, the writ will not ordinarily issue to direct in what particular way the court shall proceed or decide a particular matter, nor will it issue to correct or reverse a decision already reached where in regular course the decision may be reviewed on appeal. If a court has jurisdiction it may enter a correct or an erroneous decision, but if such decision is made in due course of legitimate jurisdiction, the court will not be compelled, through a writ of mandamus, to undo what it has in the exercise of a conceded jurisdiction done.

█ In the instant proceeding the trial court did not refuse to act but the complaint is that it acted erroneously. This contention is based upon the theory that the petitioner had an absolute and unqualified right to dismiss her action without prejudice upon such terms as the court might impose. The argument is that the court had no discretion except in the matter of fixing terms or conditions upon which the motion to dismiss might be granted. Under the Federal Rules of Civil Procedure an action other than a class action may be dismissed by the plaintiff even without order of court, by filing a notice of dismissal at any time before service of answer or by filing a stipulation of dismissal signed by all the parties who have appeared generally in the action. Rule 41(a) (1), Federal Rules of Civil Procedure. If, however, not dismissed before answer is filed or upon a stipulation by all the parties, the action can not be dismissed by plaintiff except upon order of court and upon such conditions and terms as the court deems proper. Rule 41(a) (2), Federal Rules of Civil Procedure. Prior to the adoption of these rules a plaintiff in the Federal Court had, under the Conformity Act, the same right to take a nonsuit as was given him by the laws of the state in which the court was sitting. International Shoe Co. v. Cool, 8 Cir., 154 F.2d 778. We think an application to dismiss without prejudice after answer has been filed is addressed to the judicial discretion of the trial court and this view is consistent with the prior decisions of this court. Federal Savings and Loan Ins. Corp. v. Reeves, 8 Cir., 148 F.2d 731;

International Shoe Co. v. Cool, supra; New York C. & St. L. R. Co. v. Vardaman, 8 Cir., 181 F.2d 769.

We are not called upon to determine whether petitioner was entitled to have her action dismissed without prejudice, but whether this court should issue its writ compelling the trial court to enter such dismissal. Even were we of the view that the ruling on petitioner's motion to dismiss without prejudice was probably erroneous, a matter on which we express no opinion, it would not follow that mandamus should issue. United States v. Byers, 2 Cir., 144 F.2d 455.

In the recent treatise on Federal Courts appearing in Volume 35, Corpus Juris Secundum, § 142, at page 1176, in discussing the right of voluntary dismissal under Rule 41, Federal Rules of Civil Procedure, it is said, "The purpose of that portion of rule 41 which deals with voluntary dismissals is to set forth and curb the right of plaintiff to discontinue actions, to simplify a practice which theretofore had never been clearly outlined, and to prevent the delays in litigation by numerous dismissals without prejudice; * * *. It is one of the most valuable improvements over the old law accomplished by the new rules, as it does much to put an end to the evil of imposing outrageously on defendant and the court by dismissing without prejudice at various stages of the cause, even just before the court is about to direct a verdict for defendant, bringing the same suit again, and repeating the process time after time, with no opportunity afforded to defendant, who has been put to expense of having the suit determined in his favor. Under it, plaintiff's right to discontinue is somewhat more limited than under the former practice, discussed below in subdivision d(1) of this section infra; and at some stages of the case, as after answer or judgment, he cannot properly be said to have a right to dismiss or dismiss without prejudice."

Petitioner relies very strongly on the decision of the Supreme Court in Cone v. West Virginia Pulp & Paper Co., 330 U. S. 212, 67 S.Ct. 752, 755, 91 L.Ed. 849. That case involved the question of the right of a litigant to a new trial. In referring to Rule 41(a) it is said, " * * * Rule 41(a) (1) preserves this unqualified right of the plaintiff to a dismissal without prejudice *prior to the filing of defendant's answer*. And after the filing of an answer, Rule 41(a) (2) still *permits* a trial court to grant a dismissal without prejudice 'upon such terms and conditions as the court deems proper.'" (Italics supplied.)

The unqualified right to dismiss without prejudice does not exist after the filing of an answer. After that time plaintiff may dismiss without prejudice only by permission of the court.

The petition is therefore denied.