UNITED STATES of America,
Appellee,

v.

Bedrettin Y. and Annamarie GUNC,
Appellants.

No. 20361.

United States Court of Appeals,
Eighth Circuit.

Dec. 16, 1970.

Raymond M. Schutz, Aberdeen, S. D., for appellants.

Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks and Crombie J. D. Garrett, Dept. of Justice, Washington, D. C., and William F. Clayton, U. S. Atty., Sioux Falls, S. D., for appellee.

Before VAN OOSTERHOUT and HEANEY, Circuit Judges, and HANSON, District Judge.

PER CURIAM.

This appeal is from an order of dismissal pursuant to Federal Rules of Civil Procedure 41(a) (2) entered by the Honorable Axel J. Beck, United States District Court for the District of South Dakota, Northern Division.

On March 20, 1968, tax assessments were made against Bedrettin Y. and Annamarie Gunc, appellants herein and hereinafter referred to as defendants, for their income tax liabilities for the years 1963 through 1966 inclusive. These jeopardy assessments, made pursuant to Section 6861(a) of the Internal Revenue Code of 1954, were allegedly

necessitated by defendants intended departure from the United States with all of their property.

On March 21, 1968, a civil suit, No. 68–3N, was commenced in the federal district court to reduce to judgment the assessed tax liabilities together with interest and penalties in the amount of $36,217.50. At the same time, the government obtained a writ ne exeat in order to preserve the taxpayers' property and restrain them from leaving the district court's jurisdiction. Defendants on March 22, 28, and 29, 1968, deposited in the court registry certain securities in sufficient amount to cover the alleged deficiencies. On April 9, 1968 defendants filed their answer denying any deficiency and requested a jury trial.

Pursuant to Section 6861(b) of the Internal Revenue Code of 1954, statutory notice was given to the defendants on May 10, 1968 of their right to either file a petition with the Tax Court for a redetermination of the deficiency or pay the tax and sue for refund in the district court. The defendants chose to file a petition in the Tax Court. The end result was that the issue concerning defendants' tax liability was now before two separate forums, the Tax Court and the Federal District Court.

On January 20, 1970, an indictment was returned against Bedrettin Y. and Annamarie Gunc charging income tax evasion for the same years involved in the civil and tax court cases. The defendants subsequently filed a notice to take the deposition of an internal revenue agent for the avowed purpose of gaining discovery in the civil case, No. 68–3N. The government promptly moved to quash the notice to take the deposition on the ground that the requested discovery in the civil case would permit the defendants to obtain information on the criminal case which they would not otherwise be entitled under the more restrictive criminal discovery rules. The district court denied the government's motion to quash in an order filed on March 5, 1970. On that same day, the government filed a motion to

dismiss civil suit No. 68–3N without prejudice pursuant to Rule 41(a) (2) of the Federal Rules of Civil Procedure. After an oral hearing, the district court sustained the motion and entered an order of dismissal in No. 68–3N. It is this dismissal that generates the present appeal.

Defendants' only contention on appeal is that the district court abused its discretion in granting the motion to dismiss under Rule 41(a) (2). We disagree and affirm.

Inasmuch as the dismissal was effected after the taxpayers had filed their answer to the complaint in Civil No. 68–3N, 41(a) (2), Fed.R.Civ.Proc., is the applicable rule. Rule 41(a) (2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

In this appeal, defendants predicate error on the injustice and prejudice to which they were subjected by reason of the dismissal, particularly the loss of their right to a jury trial on the issue of civil tax liability. These same contentions were presented by defendants to the lower court.

■ The district court in granting the motion to dismiss found that defendants would not be prejudiced even though terms and conditions could not be imposed against the government and even though defendants would not have a jury trial on the civil tax issue for the following reasons: that counsel for defendants had conceded in response to the court's inquiry that the time and effort already expended in Civil Case No. 68–3N would not be wasted since the Tax Court proceedings were still pending; that defendants could have elected to pay the tax and sue for a refund in a district court jury trial rather than pursue the matter in Tax Court; that even though terms and conditions could not be imposed against the government, any court costs incurred by defendants could and would be assessed against the govern-

ment, and, lastly, that any delay in the proceedings was vitiated because of a stipulation for continuance between the parties.

It is axiomatic that a dismissal pursuant to Rule 41(a) (2) is not one of right but is rather a matter for the discretion of the trial court. Johnston v. Cartwright, 355 F.2d 32 (8th Cir. 1966); Larsen v. Switzer, 183 F.2d 850 (8th Cir. 1950). The only question for us to decide is whether the district court has abused that discretion.

Defendants' only contention of possible merit is their claim of prejudice through loss of trial by jury on the civil tax liability issue. There is no dispute, however, that defendants had the opportunity to seek either a jury trial in district court or proceed in the tax court. In the hearing before Judge Beck, counsel for defendants stated the reason for the election was that defendants' assets were tied up in Civil No. 68–3N, and therefore, it was not a viable alternative to pay the tax and sue for a refund. Transcript of Hearing, pp. 9–10. Judge Beck answered this argument at the hearing stating that the taxpayers could have made an appropriate motion to have the assets on deposit in Civil No. 68–3N released to the Internal Revenue Service in full payment of the assessed deficiencies thereby avoiding any additional financial burdens. We agree with the trial court that any prejudice that defendants may have suffered in respect to the jury trial issue was through their own doing. Moreover, it has been held that once a taxpayer has elected to seek redress in the tax court rather than pay the tax and sue for a refund in a jury trial, he cannot at a later time claim prejudice through deprivation of right to trial by jury. Olshausen v. Commissioner of Internal Revenue, 273 F.2d 23 (9th Cir. 1959) cert. denied, 363 U.S. 820, 80 S.Ct. 1256, 4 L.Ed.2d 1517 (1960).

Defendants in their brief assert that if the government's purpose in moving for dismissal is to defeat justice by depriving defendants of the right to a jury trial, then the trial court abused its discretion in granting the dismissal. This assertion is a mere supposition. There was nothing presented by defendants to show that the government's intent in seeking dismissal of No. 68–3N was to deceive or deprive defendants in any way of their right to a jury trial. It is obvious that the sole reason the government moved to dismiss this cause was to avoid discovery problems in the criminal case. Certainly we would not condone deliberate governmental action which was intended, either directly or indirectly, to deprive a taxpayer of his right to a jury trial on a civil issue. It must be remembered, as Judge Beck pointed out in the lower court proceeding, that Civil No. 68–3N was precipitated by the defendants' alleged conduct in attempting to leave the country with all their assets thus forcing the government to take immediate action to stop said activity.

Therefore, we conclude that under all the circumstances here, the trial court did not abuse its discretion in granting the motion to dismiss.

Affirmed.