Cathy A. WILLIAMS, Appellee,

v.

FORD MOTOR CREDIT COMPANY,
Appellant,

v.

S & S RECOVERY, INC.

Cathy A. WILLIAMS; Ford Motor Credit
Company, Appellant,

v.

S & S RECOVERY, INC., Appellee.

Nos. 79–1911, 79–1947.

United States Court of Appeals,
Eighth Circuit.

Submitted June 12, 1980.

Decided Aug. 12, 1980.

W. R. Nixon, Jr., Little Rock, Ark., for appellant, Ford Motor Credit.

Fines F. Batchelor, Jr., Van Buren, Ark., argued, for appellee, Cathy Williams.

Bradley D. Jesson, Hardin, Jesson & Dawson, Fort Smith, Ark., on brief, for S & S Recovery.

Before LAY, Chief Judge, STEPHENSON, Circuit Judge, and HANSON,* Senior District Judge.

LAY, Chief Judge.

Cathy A. Williams filed suit in state court against Ford Motor Credit Company (FMCC) alleging that it wrongfully repossessed an automobile in her possession which had been financed through FMCC. FMCC removed the case to federal court, answered and filed a third-party complaint against S & S Recovery, Inc. (S & S). The third-party complaint alleged that the seizure of Williams' vehicle was made solely by S & S and that the manner and method used in the repossession was controlled by S & S.

A trial was conducted and at the conclusion of all the evidence, S & S's motion for directed verdict was granted. Plaintiff's case against FMCC was allowed to go to the jury; a verdict of $5,000 was returned in favor of plaintiff. Thereafter, FMCC made a motion for judgment notwithstanding the verdict. In response, plaintiff suggested that the court deny defendant's motion or, if the court decided that the verdict should not be allowed to stand, that an order be entered for a voluntary nonsuit without prejudice to refile in state court. The court ordered a voluntary nonsuit without prejudice to refile and ordered nunc pro tunc that a verdict be directed in favor of S & S and against FMCC. FMCC appeals from the district court's orders dismissing plaintiff's complaint without prejudice and directing a verdict in favor of S & S.

Where no responsive pleading is filed, Fed.R.Civ.P. 41(a)(1) makes clear that a party may dismiss his action without order of the court. However, Fed.R.Civ.P. 41(a)(2) reads in part:

> *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

It has long been acknowledged that the rule gives the district court equitable discretion to dismiss an action upon plaintiff's request. *Holmgren v. Massey-Ferguson, Inc.,* 516 F.2d 856 (8th Cir. 1975); *United States v. Gunc,* 435 F.2d 465 (8th Cir. 1970); *Johnston v. Cartwright,* 355 F.2d 32 (8th Cir. 1966). As stated in *International Shoe Co. v. Cool,* 154 F.2d 778 (8th Cir. 1946):

> At most, the discretion vested in the court is a judicial and not an arbitrary one and does not warrant a disregard of well settled principles of procedure.

*Id.* at 780.

Here the action had been pending for over eighteen months. Discovery had been conducted on both sides, extensive pretrial preparation and proceedings had been undertaken and a two and one-half day jury trial had been held. A jury deliberated and rendered the verdict. Briefing had been completed on the motion for judgment notwithstanding the verdict. The only possible basis for the dismissal without prejudice appears to be that plaintiff feared the trial court might grant the motion. Plain-

---

* William C. Hanson, Senior District Judge, Northern and Southern Districts of Iowa, sitting by designation.

tiff's motion fails to disclose the reason for seeking the dismissal without prejudice. Plaintiff did not indicate that new evidence might be shown. Even if there were such evidence, there is no indication that plaintiff could not have presented it during trial.

This case is in a somewhat different posture than the *International Shoe Co.* case but the same reasoning applies here. There the defendant had moved for a directed verdict and the plaintiff then moved for a dismissal without prejudice. Here plaintiff has the verdict, but was obviously apprehensive of the court's ruling on the judgment notwithstanding the verdict. In *International Shoe Co.* this court reasoned:

> There seems to have been ample opportunity to prepare the case for trial and four and a half days had been consumed in taking testimony at the time plaintiff rested his case. Defendant's motion for a directed verdict had been fully presented on its merits and submitted to the court, and the court had announced its intention to sustain the motion and direct a verdict for defendant. As the result of the proceeding the court had reached a decision on the merits and all that remained to be done was the accepting of a verdict and the entry of judgment thereon. To all intents and purposes the defendant had secured a decision that plaintiff's action was without merit and this decision had been announced. The discontinuance of the case in such circumstances involved more for the defendant than the mere annoyance and expense of a second litigation upon the same subject matter. It deprived it of the benefit of a decision in its favor.

*Id.* at 780.

We find the defendant has sustained substantial prejudice by the dismissal. It will be subjected to more litigation expense and might be prejudiced on its third-party claim. If the trial court errs in granting judgment notwithstanding the verdict,

plaintiff may still appeal to this court. Under the circumstances we feel the court abused its discretion in granting the motion to dismiss without prejudice at such a late time in the proceedings. *Ferguson v. Eakle*, 492 F.2d 26 (3rd Cir. 1974); *Noonan v. Cunard Steamship Co.*, 375 F.2d 69 (2d Cir. 1967); *International Shoe Co. v. Cool*, 154 F.2d 778 (8th Cir. 1946); *see Holmgren v. Massey-Ferguson, Inc.*, 516 F.2d 856 (8th Cir. 1975); *United States v. Gunc*, 435 F.2d 465 (8th Cir. 1970); *Johnston v. Cartwright*, 355 F.2d 32 (8th Cir. 1966). *Cf. Western Union Telegraph Co. v. Dismang*, 106 F.2d 362 (10th Cir. 1939). *See generally* 9 Wright & Miller, Federal Practice & Procedure §§ 2364, 2376 (1971); 5 Moore's Federal Practice ¶¶ 41.05[1], 41.05[3] (2d ed. 1979).

■ As we indicated earlier, defendant impleaded S & S for indemnification. The trial court granted a directed verdict in favor of S & S at the close of the evidence. There is no need to review at this time the merits of the indemnity claim brought by defendant. Fed.R.Civ.P. 14 permits impleader of one who is or may be liable to the defendant. Federal impleader is designed to decide contingent liability as well as primary liability and the third-party claim can accelerate determination of the liability, if any, between the third-party plaintiff and the third-party defendant. As a prerequisite to that contingency, a court may grant a conditional judgment against the third-party defendant that does not become enforceable until the third-party plaintiff is otherwise determined to be entitled to judgment or payment of the judgment. *See Travelers Insurance Co. v. Busy Electric Co.*, 294 F.2d 139, 145 (5th Cir. 1961); Wright & Miller Federal Practice & Procedure § 1451 (1971). In the present case the trial court ruled in favor of the third-party defendant before entering judgment on the original complaint.[1] Under the circumstances, because the issue of S & S's

1. Of course, the court may sever the third-party claim for separate trial and reserve ruling on it until trial on the main cause is complete. If the third-party claim is not severed the judgment on the main case is not final for purposes of review until the third-party claim is ruled upon or unless the district court files a Fed.R. Civ.P. 54(b) order. *See* 6 Moore's Federal Practice ¶ 54.36 (2d ed. 1976).

liability over to FMCC may be rendered moot by the ultimate disposition of FMCC's motion for judgment against Williams notwithstanding the verdict, we decline to rule at this time on FMCC's appeal from the judgment in favor of S & S. Instead, we dismiss FMCC's appeal from that judgment without prejudice, and hold that the ruling of the trial court in favor of S & S should be appealed (if necessary) after judgment on the merits has been entered in the main suit.

The order of the district court dismissing plaintiff's action without prejudice is vacated; the case is remanded and the court is directed to rule on defendant's motion for judgment notwithstanding the verdict; the appeal by defendant on its third-party complaint is ordered dismissed without prejudice. In the event the court overrules defendant's motion for judgment notwithstanding the verdict, defendant may move within ten days for reconsideration of the court's ruling on its third-party complaint; upon such ruling the court should simultaneously enter judgment on the verdict and on the third-party complaint for convenience of appeal.

It is further ordered that each party shall pay its own costs on this appeal.