Frances KERN, Appellee,

v.

**TXO PRODUCTION CORPORATION, Appellant.**

No. 83–2505.

United States Court of Appeals, Eighth Circuit.

Submitted March 26, 1984.

Decided July 17, 1984.

Rex M. Terry, Hardin, Jesson & Dawson, Fort Smith, Ark., for appellant TXO Production Corp.

P.K. Holmes, III, Warner & Smith, Fort Smith, Ark., for appellee Frances Kern.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

ARNOLD, Circuit Judge.

TXO Production Corporation appeals from the District Court's order dismissing without prejudice Frances Kern's action against it. TXO claims that the dismissal, which came after the trial had begun, should have been with prejudice, or, in the alternative, should at least have been conditioned on the payment by plaintiff of its costs and lawyers' fees. We cannot agree that it was an abuse of discretion to dismiss the complaint without prejudice, but we do hold that conditions should have been attached to protect TXO. We therefore affirm in part, reverse in part, and remand with instructions.

I.

The plaintiff owns the surface of five acres of land in Logan County, Arkansas. TXO holds an oil-and-gas lease granted by the owner of the mineral interest. Plaintiff brought this action for damages, claiming that a gas well drilled on her property by TXO had reduced the value of her surface ownership more than reasonably necessary in the exercise of a mineral lessee's rights. Suit was filed in the Circuit Court of Logan County, Arkansas, Northern District, for $15,000.00 in damages, later increased by amendment to $25,000.00. TXO removed the case to the District Court on the basis of diversity of citizenship.

After some discovery had taken place, the District Court set the case for trial. Plaintiff then moved to dismiss her complaint without prejudice under Fed.R.Civ.P. 41(a)(2). The District Court informed counsel by letter that it would grant the motion, but "only upon the express condition that, if the case is refiled in any court, the defendant will be awarded all costs of this action, including all attorney's fees incurred in preparing this case for trial."

Designated Record (D.R.) 19. Plaintiff, evidently believing this condition too burdensome, withdrew her motion to dismiss, and the case went to trial before a jury about two weeks later.

After plaintiff had presented four out of the five witnesses she intended to call, the court and counsel conferred out of the presence of the jury. The intended testimony of the fifth witness, a real-estate expert, was fully discussed. The court informally indicated the view that plaintiff would be unable to make out a submissible fact question for the jury: "at the close of your [the plaintiff's] case, the court will more than likely direct a verdict in favor of the defendant." Tr. 137. After a 15-minute recess to allow plaintiff's lawyer to consult with his client, the plaintiff renewed her motion for dismissal without prejudice. This time the motion was granted, and no conditions as to costs and expenses were imposed. The court said (Tr. 143):

> The court sees Ms. Kern, sees TXO. Under the circumstances, I think that if I'm going to err, I want to err in favor of giving Ms. Kern another chance because TXO will survive. I'm just certain of that.

TXO objected to this action, and it now appeals.

## II.

Under Fed.R.Civ.P. 41(a)(1) a plaintiff may voluntarily dismiss her complaint, without prejudice to the filing of a new action based on the same claim, as a matter of right, provided only that the dismissal must occur before the defendant has either answered or moved for summary judgment. Otherwise,

> an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

Fed.R.Civ.P. 41(a)(2).

■ Motions to dismiss without prejudice are addressed to the sound discretion of the district courts. But "the discretion vested in the court is a judicial and not an arbitrary one ...." *International Shoe Co. v. Cool,* 154 F.2d 778, 780 (8th Cir.) *cert. denied,* 329 U.S. 726, 67 S.Ct. 76, 91 L.Ed. 678 (1946). That is, when we say that a decision is discretionary, or that a district court has discretion to grant or deny a motion, we do not mean that the district court may do whatever pleases it. The phrase means instead that the court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law. An abuse of discretion, on the other hand, can occur in three principal ways: when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment. And in every case we as an appellate court must be mindful that the district courts are closer to the facts and the parties, and that not everything that is important about a lawsuit comes through on the printed page.

■ At common law, dismissals without prejudice were, in general, freely allowed at any time before the case was ready for decision. That is still the rule in the Arkansas state courts. Ark.R.Civ.P. 41. But in the federal courts, after answer, such dismissals should be granted only "if no other party will be prejudiced." 9 Wright & Miller, *Federal Practice & Procedure—Civil* § 2362 (1971). By "prejudice" in this context is meant something other than the necessity that defendant might face of defending another action. That kind of disadvantage can be taken care of by a condition that plaintiff pay to defendant its costs and expenses incurred in the first action. One sort of prejudice that cannot be cured by the attachment of conditions is the loss by defendant of success in the first case. If defendant has already won its case, reimbursement of fees and expenses cannot make it whole from the injury of being sued again, perhaps this time to lose.

A series of cases in this Court has applied this principle. The most recent example is *Williams v. Ford Motor Credit Co.*, 627 F.2d 158 (8th Cir.1980). The jury verdict had gone for plaintiff. Defendant moved for judgment notwithstanding the verdict. Plaintiff opposed the motion, but asked the court, if it decided the verdict could not stand, to grant her a voluntary nonsuit, so that she could sue again in a state court. The motion for nonsuit was granted. We reversed. "Under the circumstances we feel the court abused its discretion in granting the motion to dismiss without prejudice at such a late time in the proceedings." *Id.* at 160. We noted, among other things, that the dismissal might prejudice the defendant with respect to a third-party claim it had asserted in the first action.[1]

TXO urges that *Williams* is controlling. It must be admitted that the differences between that case and this one are not great. Certainly if the District Court had refused the plaintiff's motion for voluntary dismissal, or insisted that the dismissal, if suffered, would be with prejudice, it would not have abused its discretion. It is true here, as it was in *Williams*, 627 F.2d at 159–60, that

> Plaintiff's motion fails to disclose the reason for seeking the dismissal without prejudice. Plaintiff did not indicate that new evidence might be shown [on a second trial]. Even if there were such evidence, there is no indication that plaintiff could not have presented it during [the first] trial.

That the denial of the motion would not have been reversible as an abuse of discretion, however, does not mean that granting it was such an abuse. The very concept of discretion presupposes a zone of choice within which the trial courts may go either way.

■ We think the differences between this case on the one hand, and *Williams*

and its precursors on the other, are great enough, though perhaps not by much, to justify a decision not to interfere with the choice made by the District Court. The trial here was not so far along as in *Williams* and the other cases cited. The plaintiff had not yet rested, and defendant had not yet moved for directed verdict. Although it was likely that that motion, when made, would have been granted, we cannot say that it was certain. The final witness's testimony might have differed somewhat from the parties' expectations. The District Court might have decided, as trial courts often do, to let the case proceed despite its initial view as to the insufficiency of plaintiff's case. Furthermore, by granting the nonsuit without prejudice the District Court allowed the plaintiff the opportunity to seek a state-court ruling on a state-law issue. The District Court's action here was immediately preceded by a thorough discussion of Arkansas law on surface damages. The court and plaintiff's counsel differed on the meaning of certain opinions of the Supreme Court of Arkansas. We have no reason to suppose that the District Court's view was not wholly reasonable, but its decision would still have been only a forecast, an educated guess about what the Arkansas state courts would do. The state courts, by contrast, can give an authoritative answer. This factor cuts in favor of the decision to allow plaintiff to try again.

In short, we cannot bring ourselves to say that it was an abuse of discretion to allow the dismissal without prejudice, and to that extent the judgment will be affirmed.

### III.

■ We turn now to defendant's alternative contention that it was an abuse of discretion not to impose a condition with respect to costs and attorneys' fees. In

---

1. See also *International Shoe Co. v. Cool, supra,* reversing a dismissal without prejudice granted after the plaintiff had rested, the defendant had moved for directed verdict, and the district court had announced its intention to rule for

defendant, and *Boaz v. Mutual Life Ins. Co. of New York*, 146 F.2d 321 (8th Cir.1945), *aff'g* 53 F.Supp. 97 (E.D.Mo.1943), approving a refusal to dismiss without prejudice in substantially the same situation.

*New York, C. & St. L.R.R. v. Vardaman,* 181 F.2d 769, 771 (8th Cir.1950), we said:

> Our view is that payment to the defendant of the expenses and a reasonable attorney fee may properly be a condition for dismissal without prejudice under Rule 41(a) but that omission of such condition is not necessarily an arbitrary act.

In *Vardaman* the trial court had required payment of costs but not fees. We affirmed on the ground that much of the defendant's fee request was attributable to services rendered in other cases, and that during the argument on the motion to dismiss without prejudice no specific request for fees had been made. We added the comment that, whatever the state of the record in the particular case, "it would not have necessarily been an abuse of discretion to omit payment of expenses and attorney fees as a requirement for the dismissal." *Id.* at 772.

In *Vardaman,* though, the case had not gone to trial. The time and effort invested by the parties, and the stage to which the case had progressed, are among the most important factors to be considered in deciding whether to allow a dismissal without prejudice, and, if so, on what conditions. A closer case is *Home Owners' Loan Corp. v. Huffman,* 134 F.2d 314 (8th Cir.1943).[2] There, plaintiff had gained a verdict. We reversed and remanded for a new trial. Prior to the commencement of the new trial, plaintiff was granted a nonsuit without prejudice and without payment of costs. We approved the dismissal without prejudice but held that "the court abused its discretion in permitting dismissal without prejudice unless conditioned on payment of costs." *Id.* at 319. "The rule has long prevailed in both law and equity that a plaintiff may dismiss the case without prejudice only by payment of the costs ...." *Id.* at 317. The question of lawyers' fees is not covered by our opinion.

This case is in some ways between *Vardaman* and *Huffman.* The trial had begun but was not over. In all the circumstances presented here, we think it was an abuse of discretion not to compensate defendant in some fashion both for costs proper and for attorneys' fees. Such a condition will almost always be appropriate in cases where dismissal is allowed after the trial has begun. In addition, with all deference to the District Court, we believe it considered an improper factor in making its ruling. The only reason the court gave for dismissing without prejudice and without condition was that "TXO will survive." The fact that a party is a corporation, or is thought to be rich, or both, is and must be irrelevant in courts of justice. The courts' duty is to "administer justice without respect to persons, and do equal right to the poor and to the rich ...." 28 U.S.C. § 453.

The District Court's refusal to impose conditions must be reversed. On remand, it should determine the amount of defendant's costs, including the premium for the removal bond, and fees reasonably incurred up through the order of dismissal. Plaintiff need not be required to pay any amount now. But she should be required to make a payment to defendant as a condition of maintaining a second action, if she decides to file one and does so within the relevant period of limitations. If the second suit is filed in a federal court, payment of the sum found to be appropriate will be a condition precedent to any action's taking place in the suit subsequent to the filing of the complaint. If, as seems likely, the second suit is filed in a state court, with the demand for damages reduced below the jurisdictional amount, so as to defeat removal, this method of collection will not work. But the District Court should enter an order now stating that if plaintiff refiles in a state court it will forthwith enter judgment against her, which may be executed as provided by law, for the amount of costs and fees that it has fixed.

We leave to the District Court the ascertainment of this amount. It may not be appropriate to include all of the lawyers' fees reasonably incurred by TXO. Some of

---

**2.** Cited with approval by the Supreme Court in *Cone v. West Virginia Pulp & Paper Co.,* 330 U.S. 212, 217 n. 5, 67 S.Ct. 752, 755 n. 5, 91 L.Ed. 849 (1947).

its lawyers' work may not have to be repeated in a second action. We assume, for example, that any discovery taken in the first action should be freely usable in the second, whether the refiling is in a state or a federal court. Plaintiff should be required to pay only for those lawyers' services that will have to be repeated if the case is refiled. See *McLaughlin v. Cheshire*, 676 F.2d 855 (D.C.Cir.1982).

Defendant also asks us to condition the dismissal on a requirement that plaintiff refile, if at all, only in a federal court. We decline to do so. The state courts, unlike us, are courts of general jurisdiction. It would be unwise for us (assuming our power to do so) to forbid a citizen to resort to the courts of her own state. "[O]ne court is as good as another." *Young v. Southern Pac. Co.*, 25 F.2d 630, 632 (2d Cir.1928) (L. Hand, J., concurring). We have no reason to think the state courts will not do justice. See *Lawson v. Moore*, 29 F.Supp. 175 (W.D.Va.1939), where a similar condition was refused. Indeed, in this case, as we have remarked, the state courts can give a more accurate, or at least a more authoritative, answer to the questions of Arkansas law that will govern this case. And defendant gets some advantage, too: its maximum exposure will be reduced from $25,000.00 to $10,000.00.

## IV.

The order of the District Court, to the extent that it allowed dismissal of the complaint without prejudice, is affirmed. The decision not to impose conditions is reversed, and the cause remanded for further proceedings consistent with this opinion.

It is so ordered.