**Rexford and Debbie Fields MURPHY, as parents and next friends of Christopher Carl Murphy, Petitioners,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 90–882V.

United States Court of Federal Claims.

Nov. 10, 1993.

Robert T. Moxley, Cheyenne, WY, for petitioners.

Mary Hampton Mason, Washington, DC, with whom was Asst. Atty. Gen. Frank W. Hunger, for respondent.

## ORDER

NETTESHEIM, Judge.

This matter comes before the court on petitioners' motion for review of an order denying attorneys' fees and costs incurred in prosecuting a case filed pursuant to the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa–1 –300aa–34 (1988 & Supp.1990), also codified *as amended* at 42 U.S.C.A. §§ 300aa–1 –300aa–34 (West 1991 & Supp.1993) (the "Vaccine Act"). Petitioners contend that the special master erred in denying attorneys' fees and costs, in that they made a good-faith effort in pursuing the case and their claim had a reasonable basis. Argument is deemed unnecessary.

## FACTS [1]

On September 5, 1990, Rexford Murphy and Debbie Fields Murphy ("petitioners") brought a claim under the Vaccine Act alleging that Christopher Murphy was left severely handicapped as a result of seizures suffered following a DPT vaccination which triggered the advancement of tuberous sclerosis (TB). Special Master Paul T. Baird dismissed the claim without an evidentiary hearing. *Murphy v. Secretary of DHHS,* No. 90–882V, 1991 WL 74931 (Cl.Ct. Spec.Mstr. Apr. 25, 1991). Prior to dismissing the claim, he allowed petitioners to submit additional evidence on several occasions. On January 9, 1991, following the initial status conference, the special master allowed petitioners to submit additional expert statements. Subsequent to a March 11, 1991

---

**1.** For purposes of this order, the facts recited that are pertinent to this matter have been abbreviated.

memorandum expressing an inclination to deny petitioners' claim, the special master allowed petitioners additional time to submit Mrs. Murphy's diary. At the same time, the special master allowed petitioners to file a supplemental affidavit of Mrs. Murphy, three other affidavits, and a calendar.

On May 1, 1991, the special master denied petitioners' motion for reconsideration.[2] Petitioners appealed this decision to the Court of Federal Claims. The decision was sustained without oral argument or costs awarded, and that decision was affirmed summarily.[3] *Murphy v. Secretary of DHHS*, 23 Cl. Ct. 726 (1991), *aff'd*, 968 F.2d 1226 (Fed.Cir. 1992) (Table).[4]

Petitioners proceeded by moving for rehearing combined with a suggestion for rehearing *en banc* under Fed. Cir. R. 40. The motion for rehearing was denied on June 4, 1992, and on July 8, 1992, the rehearing *en banc* was denied.[5] Petitioners' motion for a *writ of certiorari* was denied on November 9, 1992.[6] *Murphy v. Secretary of DHHS*, —— U.S. ——, 113 S.Ct. 463, 121 L.Ed.2d 371 (1992) (Table).

On July 6, 1993, petitioners filed for recovery of attorneys' fees and costs. The special master denied their application for lack of a reasonable basis to file a claim. The special master reiterated his reasoning behind the April 25, 1991 decision denying compensation, stating that the evidence in the medical records and other written records contradict the claims brought forth in the petition. *Murphy v. Secretary of DHHS*, No. 90–882V, slip op. at 2 (Cl.Ct.Spec.Mstr. Aug. 20, 1993) (unpubl.). Petitioners now seek review of this decision.

## DISCUSSION

■ The Vaccine Act provides that the Court of Federal Claims may overturn a special master's decision that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 42 U.S.C.A. § 300aa–12(e)(2)(B) (West Supp. 1993). The special master made a determination of awarding fees based on section 300aa–15(e)(1), which provides:

> In awarding compensation on a petition filed under section 300aa–11 of this title the special master or court shall also award as part of such compensation an amount to cover—
>
> (A) reasonable attorneys' fees, and
>
> (B) other costs,
>
> incurred in any proceeding on such petition. If the judgment of the United States Court of Federal Claims on such a petition does not award compensation, the special master or court may award an amount of compensation to cover petitioners' reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.

The special master's decision denying attorneys' fees or costs is reviewed under an abuse of discretion standard because the determination is based on a discretionary function allowing him to deny fees if he finds that the petition was not brought in good faith and upon a reasonable basis. *See Saxton v. Secretary of DHHS*, 3 F.3d 1517, 1520 (Fed. Cir.1993) (citing *Perreira v. Secretary of DHHS*, 27 Fed.Cl. 29, 31 (1992), *appeal docketed*, No. 93–5055 (Fed.Cir. Jan. 7, 1993)). In order to find an abuse of discretion, this court must rule that the special master's decision was

> (1) ... clearly unreasonable, arbitrary, or fanciful; (2) ... based on an erroneous conclusion of the law; (3) ... clearly erroneous; or (4) the record contains no evidence on which the ... [special master] rationally could have based his decision.

---

2. Approximately $7,200.00 had been accrued in attorneys' fees by this time.

3. By this stage of the proceedings petitioners' attorneys' fees totalled approximately $9,000.00.

4. Respondent was awarded costs on appeal in the amount of $374.16.

5. The fees and costs accrued by this process amounted to approximately $800.00.

6. The costs involved in this procedure amounted to $5,700.00, with fees of $3,900.00.

*Hendler v. United States,* 952 F.2d 1364, 1380 (Fed.Cir.1991) (citation omitted). As further defined in *Heat & Control, Inc. v. Hester Indus., Inc.,* 785 F.2d 1017, 1022 (Fed.Cir.1986), an abuse of discretion standard allows the special master a "range of choice," in that his decision will not be reversed if " 'it stays within that range and is not influenced by any mistake of law.' " *Id.* (quoting *Kern v. TXO Prod. Corp.,* 738 F.2d 968, 970 (8th Cir.1984)). An abuse of discretion may only be found where "no reasonable man would take the view adopted by the [trial] court...." *PPG Indus., Inc. v. Celanese Polymer Specialties Co.,* 840 F.2d 1565, 1572 (Fed.Cir.1988) (Bissell, J., additional views).

In reviewing the special master's decision, this court holds that the special master did not abuse his discretion in denying attorneys' fees and costs. The court agrees with respondent's contention that petitioners failed to meet their burden of proof in establishing good-faith and a reasonable basis for their claim. The special master found in his original decision entered on April 25, 1991, that the medical and other written records contradict the claims brought forth in the petition. The special master concluded that the medical records made at the time of the injury did not support petitioners' contention that Christopher suffered the onset of the injury within 3 days of the DPT vaccination. In fact, a questionnaire answered prior to litigation by Mrs. Murphy, herself, denies any reaction to the vaccination. Furthermore, as respondent contends, petitioners failed to submit information explaining the disparities between the contemporaneous medical records and their claims, despite the fact they were given sufficient opportunity to do so.

■ Petitioners argue that because they submitted expert opinion to support their claim, they had a reasonable basis for their case as a matter of law. This position assumes that special masters rely upon expert testimony without determining whether it is corroborated by the facts. This position is not plausible, as expert testimony in and of itself does not determine reasonableness. *See, e.g., Perreira,* 27 Fed.Cl. at 33 (unreasonable to grant attorneys' fees based on mere existence of expert testimony). As respondent points out, the expert opinion submitted by petitioners was founded upon Mrs. Murphy's version of the events, a version found to be unreliable by the special master.

Petitioners advance the arguments that a claim on behalf of a child with tuberous sclerosis is reasonable and that an evidentiary hearing should be constitutionally mandated. This court agrees with respondent that these arguments are irrelevant. The special master failed to find a reasonable basis for a claim that any compensable injury followed with a temporal relationship to the vaccination. With respect to the constitutionality of withholding an evidentiary hearing, this determination has been held to lie within the special master's discretion. *Murphy,* 23 Cl. Ct. at 730.

Petitioners further argue that their attorney should not be placed "at risk for failure to predict the outcome" of this case. Petrs' Br. filed Sept. 20, 1993, at 11. Prior to accepting a case, an attorney should be able to distinguish a case that has reasonable underpinnings from one that does not. Rather than waste the court's time and efforts, an attorney should use reasoned judgment in determining whether to accept and pursue a claim. *See Phillips v. Secretary of DHHS,* 988 F.2d 111, 113 (Fed.Cir.1993) (Plager, J. concurring). Petitioners also argue that because an ethical attorney may not be influenced by a third-party payor, "where an attorney represents a third party payor, the attorney should be circumspect in advocating against payment for his or her adversary." Petrs' Br. filed Sept. 20, 1993, at 15 & n. 18. The court fails to find that the latter logically follows from the former under the Code of Professional Responsibility or the Rules of Professional Conduct, as advanced by petitioners. Neither this argument nor the other arguments raised by petitioners discharge their burden of proof in providing a reasonable basis for their claim.

## CONCLUSION

Based on the foregoing, the decision of the special master is sustained. It is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. The

Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

No costs on review.