[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-14363
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 30, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-01061-CV-ORL-22JGG

WENDELL GRIMES,
on behalf of himself and all others similarly situated,
SANDRA GRIMES,
on behalf of herself and all others similarly situated,
ROBIN DILLARD,
on behalf of herself and all others similarly situated,
BARRY DILLARD,
on behalf of himself and all others similarly situated,
SHARON M. PECK,
on behalf of herself and all others similarly situated,

Plaintiffs-Counter-
Defendants-Appellants,

versus

FAIRFIELD RESORTS, INC.,
FAIRSHARE VACATION OWNERS ASSOCIATION,
JOHN PAUL NICHOLS,
JOHN MONAWECK,
MICHAEL HUG,
MARK NUZZO,
BRIAN D. KELLER,

Defendants-Counter-
Claimants-Appellees.

Appeal from the United States District Court
for the Middle District of Florida

**(January 30, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's denial of class certification, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and ultimate dismissal of the appellants' non-class claims for lack of subject matter jurisdiction. Appellants argue that the district court erred (1) by denying class certification after finding a conflict existed between appellants and fellow class members, and (2) by not permitting appellants to file a second amended complaint to redefine the proposed class. After thorough review of the record and careful consideration of the parties' briefs, we affirm.

"Questions concerning class certification are left to the sound discretion of the district court." Cooper v. Southern Co., 390 F.3d 695, 711 (11th Cir. 2004). We review a decision on class certification for abuse of discretion. Id. Thus, "[e]ven if we would have certified a class, that does not mean the district court abused its discretion in declining to do so." Id. "Indeed, the distinguishing

2

hallmark of abuse-of-discretion review is that it 'presupposes a zone of choice within which the trial courts may go either way.'" Id. at 711-12 (quoting Kern v. TXO Prod. Corp., 738 F.2d 968, 971 (8th Cir. 1984)).

Appellants are purchasers of deeded timeshare interests from Fairfield Resorts, Inc. ("Fairfield"), which is in the business of selling and re-selling timeshare interests. When they purchased their timeshare interests, Appellants were enrolled in the FairShare Plus Program (the "Program"), which is administered by the FairShare Vacation Plan Use Management Trust (the "Trust").[1] Appellants filed this action on July 18, 2005. After the defendants filed their answer asserting thirty affirmative defenses and a counterclaim conditioned on certification of the proposed plaintiff class, Appellants moved for and were granted leave to file an amended complaint to add additional parties.

According to the amended complaint, which was filed on November 28, 2005, the Program is "a proprietary points-based reservation management system which Fairfield uses to centrally operate its network of resorts and to allocate accommodations among its approximately 450,000 owner/members." Appellants' lawsuit arises from the manner in which the Program has been administered since their timeshare purchases. In essence, Appellants complain that the defendants

---

[1]Plaintiffs also sued FairShare Vacation Owners Association, a trustee of the Trust, and various individuals who are officers and directors of the Trust.

have improperly modified the Program and thereby diluted Appellants' timeshare interests. In the amended complaint, Appellants alleged the following claims against all defendants: self-dealing and breach of fiduciary duties (Count One); breach of contract (Count Three); breach of the duty of good faith and fair dealing (Count Four); and unjust enrichment and imposition of a constructive trust (Count Five). They also sought declaratory and injunctive relief (Count Seven) and an accounting (Count Eight) as to all defendants. In the amended complaint, Appellants also alleged claims against only Fairfield for aiding and abetting breaches of fiduciary duty (Count Two) and deceptive and unfair trade practices in violation of the Florida Deceptive and Unfair Trade Practices Act (Count Six).

The amended complaint provided the following definition of the proposed class:

> All individuals who have purchased an undivided fee simple interest in any Fairfield resort and are or have been enrolled in the Fairfield FairShare Program during the fullest period allowed by law. Excluded from the Class are Defendants and any of their respective subsidiaries, affiliates, officers and directors; any entity in which any Defendant has a controlling interest; and the legal representatives, heirs, successors, family members and assigns of any such excluded party.

Appellants' motion for class certification, in turn, defined the proposed class as follows:

4

> All individuals who purchased or owned a deeded property interest in any Fairfield resort and are or have been enrolled in the Fairfield FairShare Program on or after January 1, 2001 through the present. Excluded from the Class are Defendants and any of their respective subsidiaries, affiliates, officers and directors; any entity in which any Defendant has a controlling interest; and the legal representatives, heirs, successors, family members and assigns of any such excluded party.

After filing of the amended complaint and prior to the district court's denial of class certification, the parties engaged in extensive class discovery for over three months and submitted briefs on the issue of class certification, and the district court conducted a hearing on the motion for class certification. The district court denied the motion for class certification and we subsequently denied Appellants' motion for leave to file an interlocutory appeal, pursuant to Rule 23(f) of the Federal Rules of Civil Procedure, from the denial of certification.

The district court determined that Appellants failed to satisfy the adequacy-of-representation requirement of Rule 23(a)(4) because fundamental conflicts of interest existed among the proposed class members.[2] The adequacy-of-

---

[2]Pursuant to Rule 23(a), a class may be certified only if (1) the class is so numerous that joinder of all members would be impracticable; (2) there are questions of fact and law common to the class; (3) the claims or defenses of the representatives are typical of the claims and defenses of the unnamed members; and (4) the named representatives will be able to represent the interests of the class adequately and fairly. Fed. R. Civ. P. 23(a). "These four requirements commonly are referred to as the prerequisites of numerosity, commonality, typicality, and adequacy of representation, and they are designed to effectively limit class claims to those fairly encompassed by the named plaintiffs' individual claims." Prado-Steiman ex rel. Prado v. Bush, 221 F.3d 1266, 1278 (11th Cir. 2000) (internal quotation marks and citations omitted).

representation requirement "'encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action.'" Valley Drug Co. v. Geneva Pharm., Inc., 350 F.3d 1181, 1189 (11th Cir. 2003) (quoting In re HealthSouth Corp. Sec. Litigation, 213 F.R.D. 447, 460-461 (N.D. Ala. 2003)). We have held that where fundamental conflicts of interest exist within a class, class certification is inappropriate. Valley Drug, 350 F.3d at 1189.

In denying certification, the district court explained:

Under Plaintiffs' theory, all class members are harmed economically by a reduction in the value of the class members' timeshare interests. However, it seems obvious that some class members actually *prefer* Fairfield's programs which allow them to book stays at other Fairfield locations and at non-Fairfield properties with which Fairfield has a sharing arrangement. Thus, it appears that a significant number of class members enjoy the very programs about which Plaintiffs complain. In other words, the same practices Plaintiffs allege devalue putative class members' ownership interests seem to be viewed as beneficial by a large segment of the class. This poses a real and fundamental conflict of interest between the named Plaintiffs and class members, transcending the mere "potentiality" threshold sufficient to preclude class certification.

. . . .

In the Court's view, the conflict of interest question does not stand or fall on whether some class members derive a "net economic benefit" from the things about which Plaintiffs complain. This might be difficult to quantify, largely because the ability to stay at other resorts and take advantage of external programs involves significant intangible benefits. Perhaps these benefits can be quantified in

6

economic terms; perhaps not. However, the Eleventh Circuit cases do not say that the *only* conflicts which will preclude class certification are those involving a "net economic benefit." Rather, the cases state that certification is inappropriate when class members "have opposing interests *or* when [the class] consists of members who benefit from the same acts alleged to be harmful to other members of the class." Valley Drug, 350 F.3d at 1189 (quoting Pickett [v. Iowa Beef Processors, 209 F.3d 1276, 1280 (11th Cir. 2000)]) (emphasis added). The use of the disjunctive "or" signals "opposing interests" and "benefit" to class members are two separate "conflict of interest" grounds for denying class certification. Here, the putative class members have opposing interests, irrespective of whether some class members derive a net economic benefit from the conduct at issue.

Order Denying Class Certification at 11-12.

On appeal, Appellants assert that the opposing interests identified by the district court as precluding certification were hypothetical and unsubstantiated by the record. Appellants suggest that in order to establish a fundamental conflict precluding class certification, this Court requires "a showing that some proposed class members receive a net benefit, ordinarily economic, from the challenged conduct." Initial Brief at 10 (emphasis added). Appellants argue the district court improperly relied on non-economic conflicts of interest to deny certification.

We can discern no abuse of discretion in the district court's denial of class certification, after many months of class discovery and consideration of the parties' briefs and oral arguments on the matter. While it is true that in Valley Drug we held that class certification was inappropriate where "some class

7

members derive a net economic benefit from the very same conduct alleged to be wrongful by the named representatives of the class," 350 F.3d at 1189, we have never held that only economic conflicts of interest will suffice to defeat certification. Rather, the focus of the inquiry is on whether some party members claim to have been harmed by the same conduct that benefitted other members of the class, and thus whether class members' interests are actually or potentially in conflict with the interests and objectives of other class members. Id. In short, the district court's order denying class certification was entirely consistent with our decisions in Valley Drug and Pickett and, on this record, we readily conclude it was not an abuse of discretion to deny certification. We are unpersuaded by Appellants' other challenges to the district court's certification analysis. Accordingly, we affirm the denial of class certification.

Appellants also argue that after denying class certification, the district court did not permit them to amend their proposed class definition in order to redefine the class or to enumerate subclasses and thereby remedy the conflicts of interest identified by the district court. In its order denying class certification, dated April 27, 2006, the district court gave the Appellants three weeks in which to "file and serve a second amended complaint which omits class action allegations." Nineteen days later, on May 16, 2006, in an order denying Appellants' motion for

a stay pending resolution of Appellants' (ultimately unsuccessful) interlocutory appeal proceedings in this Court, the district court noted that the Appellants had not filed a second amended complaint and warned Appellants that if they did not file the second amended complaint by May 31, 2006 -- in essence, a two-week extension of the time originally provided in the order denying class certification -- the action would be dismissed without further notice. On May 31, 2006, Appellants filed their second amended complaint omitting class action allegations. The district court ultimately dismissed the action for lack of subject matter jurisdiction.

Finally, from our review of the record, it is clear that neither subclassing nor redefining the class, as proposed by Appellants, would cure the actual and potential <u>fundamental</u> conflicts identified by the district court as fatal to the adequacy-of-representation requirement for class certification. Accordingly, we discern no abuse of discretion on this basis.

**AFFIRMED.**