Travoris **GARFIELD**, a minor By and Through his natural parent and guardian, Emmit **ELKINS** and the First National Bank of Marshall as Guardian of the Estate of Travoris Garfield, a minor, Appellees,

v.

**KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant.**

No. 90–1261.

United States Court of Appeals, Eighth Circuit.

Submitted June 28, 1990.

Decided July 9, 1990.

**842**

Rex M. Terry, Fort Smith, Ark., for appellant.

Jack Baldwin, Marshall, Tex., for appellees.

Before MAGILL and BEAM, Circuit Judges, and HEANEY, Senior Circuit Judge.

PER CURIAM.

Kansas City Southern Railway Company (KCS) appeals the final order of the district court [1] dismissing Travoris Garfield's civil action without prejudice and taxing costs against Garfield pursuant to Federal Rule of Civil Procedure 41.

Garfield, a seven-year old boy, attempted to cross a railroad track owned by KCS in Ashdown, Arkansas, by crawling under a train standing on the track. While Garfield was under the train, the locomotive began to move and he was crushed. Both of his legs and one arm were amputated.

Garfield, through his father, originally filed suit against KCS in the United States District Court for the Eastern District of Texas. The case was transferred to the United States District Court for the West-

ern District of Arkansas by agreement of the parties. Prior to trial, Garfield moved to dismiss the action without prejudice. Over the objection of KCS, the district court dismissed the action without prejudice and taxed costs against Garfield. A short time later Garfield refiled the action in Texas state court against KCS and the locomotive engineer, a Texas resident. The district court denied the motion of KCS to set aside the dismissal without prejudice because of alleged misrepresentation to the court by Garfield.

For reversal, KCS argues that the district court erred in granting dismissal without prejudice in light of the discovery that had been completed and the approaching trial date, and that, even if the district court did not err in granting the dismissal, the court erred in failing to require that any new action be filed by Garfield in the United States District Court for the Western District of Arkansas. KCS also argues that the district court erred in denying its motion for relief from the dismissal.

We reject these arguments. A motion to dismiss without prejudice is addressed to the sound discretion of the district court. *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir.1984) (affirming dismissal without prejudice during jury trial, but remanding for taxation of costs against plaintiff). Such a dismissal should be granted after answer if no other party will be prejudiced by the dismissal. *Id.* That the defendant may face suit in another court is not "prejudice," since the disadvantage faced by the defendant may be satisfied by requiring the plaintiff to pay costs in the dismissed action. *Id.* Here, the district court appropriately taxed costs against Garfield, and we find no abuse of discretion by the district court in dismissing the suit without prejudice. The argument that Garfield made a misrepresentation to the district court is without merit. Thus, we believe the district court properly denied the motion for relief. *See Browder v. Director, Dep't of Corrections*, 434 U.S.

**1.** The Honorable Morris S. Arnold, United States District Judge for the Western District of    Arkansas.

257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978) (abuse of discretion standard).

Accordingly, the judgment is affirmed.