# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-2552

———————

Paula J. Hunter,                                      *
                                                     *
        Appellant,                          *
                                                     *   Appeal from the United States
    v.                                    *   District Court for the
                                                     *   Western District of Arkansas.
Wal-Mart Stores, Inc.,                               *
                                                     *       [UNPUBLISHED]
        Appellee.                           *

———————

Submitted: February 26, 2004

Filed: May 7, 2004

———————

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Paula Hunter appeals the district court's[1] grant of summary judgment to defendant Wal-Mart in Hunter's action brought under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (ADA), and dismissal without prejudice of Hunter's state-law claim that she was wrongfully denied medical insurance benefits. Having carefully reviewed the record, see Dropinski v. Douglas County, 298 F.3d 704, 706 (8th Cir. 2002) (de novo review of summary judgment); Garfield v. Kansas City S.

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

Ry. Co., 907 F.2d 841, 842 (8th Cir. 1990) (per curiam) (abuse of discretion review of dismissal without prejudice), we affirm.

As to her ADA claim, Hunter alleged that Wal-Mart failed to accommodate her need for a position that limits the amount of time she spends on her feet. Assuming that Hunter's genetic blood-clot disorder qualifies as a disability under the ADA, we agree with the district court that Hunter did not create a trialworthy issue as to whether Wal-Mart failed to make a good faith effort to accommodate her. The undisputed evidence showed that Wal-Mart was first put on notice of Hunter's request for an accommodation no earlier than January 15, 2002. Hunter was granted medical leave from January 30 through March 25, and from April 3 to 22. Upon her return, in response to a request from Hunter's doctor dated April 15, Wal-Mart transferred her to a position that would require less standing, and when the demands of that position proved unsatisfactory for Hunter's condition, Wal-Mart transferred her again, to a position that has proved satisfactory. See 29 C.F.R. § 1630.2(o)(3) (2003) (appropriate reasonable accommodation determined through informal, interactive process between employer and employee); Ballard v. Rubin, 284 F.3d 957, 960 (8th Cir. 2002) (employee must show that employer did not make good faith effort to assist employee in seeking accommodation, and but for employer's lack of good faith, employee could have been accommodated).

We affirm the district court's dismissal without prejudice of Hunter's medical-insurance claim, as it is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 (ERISA). We note that Hunter is free to pursue this claim by filing an action under ERISA.

Accordingly, we affirm.

_____