IN THE SUPREME COURT OF THE STATE OF DELAWARE

QUENTIN A. WILKERSON,             §
                                  §
    Defendant Below,              §   No. 299, 2017
    Appellant,                    §
                                  §   Court Below—Superior Court
    v.                            §   of the State of Delaware
                                  §
STATE OF DELAWARE,                §   Cr. ID No. 1306023969 (S)
                                  §
    Plaintiff Below,              §
    Appellee.                     §

Submitted: September 25, 2017
Decided:   November 13, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **O R D E R**

This 13th day of November 2017, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Quentin A. Wilkerson, filed this appeal from a Superior Court order denying his motion for sentence modification under Superior Court Criminal Rule 35(b). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Wilkerson's opening brief that his appeal is without merit. We agree and affirm.

(2)     The record reflects that, on April 29, 2014, Wilkerson pled guilty to one count of Dealing in Child Pornography and two counts of Possession of Child

Pornography. Wilkerson was sentenced as follows: (i) for Dealing in Child Pornography, twenty-five years of Level V incarceration, suspended after three years and six months for decreasing levels of supervision; and (ii) for each count of Possession of Child Pornography, three years of Level V incarceration, suspended for three years of Level III probation. The Level III probation was to run consecutively. Wilkerson was also prohibited from having any contact with any minor children, except for his own children, and from owning or possessing any electronic equipment that could access the internet. Wilkerson did not appeal the Superior Court's judgment. This Court affirmed the Superior Court's denial of Wilkerson's first motion for postconviction relief.[1]

(3) On May 22, 2017, Wilkerson filed a motion for modification of sentence. Wilkerson sought modification of the no contact with minors (except his children) condition to no unlawful contact with minors so he could attend his children's school functions and his nieces and nephews could visit his parents' house where he lives. He also sought modification to have internet access and a cellphone with internet capability and a camera because internet access and a cell phone were necessary for reestablishment of his transportation business and he could not find a cell phone without a camera.

---

[1] *Wilkerson v. State*, 2016 WL 4093899 (Del. July 21, 2016).

(4)     In an order dated June 27, 2017, the Superior Court denied Wilkerson's motion, and held that Wilkerson's application was subject to the limitation set forth in Rule 35(b) for sentence reduction motions filed more than ninety days after imposition of sentence.  When the ninety-day limitation in Rule 35(b) applies, the Superior Court will only consider a motion for sentence reduction in extraordinary circumstances or under 11 *Del. C.* § 4217.  The Superior Court found Wilkerson's sentence remained reasonable and appropriate given the nature of his offenses.  The Superior Court then found there were no extraordinary circumstances to support consideration of Wilkerson's motion, which was filed more than ninety days after the imposition of his sentence.  The Superior Court noted that Probation and Parole confirmed Wilkerson could use computers at the Department of Labor to apply for employment.  This appeal followed.

(5)     We review the Superior Court's grant or denial of a motion for modification of sentence for abuse of discretion.[2]  Under this highly deferential standard," the test is whether "the trial court acted within a zone of reasonableness or stayed within a 'range of choice.'"[3]  As the State recognizes in its motion to affirm, Wilkerson's motion was not subject to the ninety-day limitation in Superior Court Criminal Rule 35(b), which applies to motions for reduction of sentences of

---

[2] *State v. Lewis*, 797 A.2d 1198, 1202 (Del. 2002).
[3] *Id.* (quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir.1984)).

imprisonment.[4] Wilkerson was on probation, and not seeking to reduce a term of imprisonment. The Superior Court "may . . . reduce the fine or term or conditions of partial confinement or probation, at any time."[5]

(6) In his opening brief, Wilkerson argues for the first time that his Level IV Home Confinement interferes with employment he obtained after he filed his first motion for modification of sentence, he needs internet access for his new employment, and the internet restrictions violate his First Amendment rights under *Packingham v. North Carolina*.[6] Wilkerson did not make these arguments in the Superior Court. We will not consider them for the first time on appeal.[7] To the extent Wilkerson does not raise claims he made in the Superior Court, he has waived those claims.[8]

(7) Although the Superior Court mistakenly applied the ninety-day limitation to Wilkerson's motion to modify the terms of his probation, we

---

[4] Super. Ct. Crim. R. 35(b) (providing that court may reduce sentence of imprisonment on motion made within ninety days after sentence is imposed and that court will only consider such a motion made after ninety days in "extraordinary circumstances or pursuant to 11 *Del. C.* § 4217"); *Teat v. State*, 2011 WL 4839042, at *1 (Del. Oct. 12, 2011) (finding Superior Court erred in holding that motion for modification of Level IV time was subject to ninety-day period); *Johnson v. State*, 2008 WL 187958, at *1 (Del. Jan. 9, 2008) (finding Superior Court erred in holding that motion to reduce probation was untimely).

[5] Super. Ct. Crim. R. 35(b).

[6] 137 S. Ct. 1730 (2017) (holding a statute making it a felony for registered sex offenders to access commercial social networking websites impermissibly restricted free speech in violation of the First Amendment).

[7] Supr. Ct. R. 8.

[8] Supr. Ct. R. 14(b)(vi)(A)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal.").

4

nonetheless affirm the Superior Court's denial of Wilkerson's motion.[9] In denying Wilkerson's motion, the Superior Court noted that it had reviewed Wilkerson's presentence report and considered the nature of his crimes before imposing the original sentence. The Superior Court concluded the sentence remained appropriate in light of the nature of the offenses. Given the nature of Wilkerson's crimes (use of the internet to obtain and view child pornography) and the arguments in his motion, the Superior Court did not act unreasonably in denying Wilkerson's motion to modify his sentence.[10]

---

[9] *Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that the Delaware Supreme Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).

[10] We recognize that the burdens imposed on Wilkerson by the restrictions limiting his ability to have contact with minors other than his children or to use the internet are considerable. Wilkerson's ability to be a parent when he cannot even attend a school play or youth sporting event in which his children participate is severely compromised and may put his children in an awkward position, as they will be asked why their father never comes to these events. Likewise, a total ban on internet usage, given today's economy, might inhibit Wilkerson from earning a living. Taken together, these restrictions, if not tailored with appropriate protections, might impede Wilkerson's rehabilitation and safe reentry into society. But, the reality is that if Wilkerson wishes to convince the Superior Court that these restrictions can be tailored, with the requirement for certain safeguards to protect children and the general public, he must proceed differently than he has. For starters, Wilkerson has presented to us new arguments and circumstances he did not present to the Superior Court, which is not proper and which obviously that Court could not have considered. As important, rather than acknowledge the seriousness of his past crimes and the dangers they present to the most vulnerable among us, Wilkerson sought relaxed restrictions on his ability to interact with other minors without taking full responsibility for his crimes. This failure to accept responsibility was likely considered by the Superior Court in its decision not to modify the restrictions.

If, in the future, Wilkerson wishes to seek a modification, he would be well advised to consult with the Department of Correction first and attempt to tailor a reasonable set of protective provisions that would allow him to have some greater flexibility in these important areas, but in a way that is safe for children and the public. And he must present all his arguments to the Superior Court. As we have pointed out, the Superior Court was incorrect in requiring Wilkerson to show

5

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

extraordinary circumstances for modification of his sentence based on his filing of the motion more than ninety days after his sentence was imposed. Because he is on probation, Wilkerson may present another motion. Therefore, Wilkerson has an opportunity to present his request again and to prevail under a standard that is not onerous. But, in that process, the trial court judge who is closest to the case is the one whose judgment is most important and entitled to due deference. Our Superior Court takes its duties very seriously, and we have no doubt that it will consider any renewed application carefully and with an open mind if Wilkerson proceeds in a respectful, careful manner after consultation with the Department of Correction and presents all of his new arguments to the Superior Court fairly.