**HOMESTORE, INC., a Delaware corporation, Defendant Below, Appellant,**

v.

**Peter TAFEEN, Plaintiff Below, Appellee.**

No. 223,2005.

Supreme Court of Delaware.

Submitted: June 7, 2005.
Decided: June 8, 2005.

William D. Johnston and Dawn M. Jones, Young, Conaway, Stargatt & Taylor, Wilmington, DE, for appellant.

William M. Lafferty, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, for appellee.

Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

HOLLAND, Justice:

The Court has before it a Motion for Stay Pending Appeal filed by the defendant-appellant, Homestore, Inc. The plaintiff-appellee, Peter Tafeen, commenced this statutory proceeding under Del.Code Ann. tit. 8, § 145(e) on October 28, 2003. Tafeen seeks the advancement of legal fees and expenses that he is incurring in ongoing legal proceedings, in accordance with

the mandatory advancement provision in Homestore's by-laws.

Section 145(e) permits Delaware corporations to make indemnity payments "in advance of the final disposition" of the "underlying litigation upon an undertaking to repay the amounts advanced if the indemnity is later found not entitled to such payments under the applicable statutory standard."[1] Section 145(k) provides that the Court of Chancery may summarily determine a corporation's obligation to advance expenses. Generally, the scope of a proceeding under section 145(k) only extends to the issue of entitlement according to the corporation's advancement provisions and not to issues regarding the movant's alleged conduct in the underlying litigation.

In this case, Homestore's opposition to Tafeen's request for advancement has been litigated in the Court of Chancery for the last nineteen months. Homestore's answer asserted eleven affirmative defenses to Tafeen's request for advancement. Ten of those affirmative defenses were rejected by the Court of Chancery on summary judgment. In refusing to dismiss Homestore's unclean hands defense, however, the Court of Chancery stated:

> The Court acknowledges the strong Delaware policy of encouraging able persons to become directors and officers that is embodied in section 145(e). Since section 145(e) represents this strong public policy, the policy underlying the doctrine of unclean hands must be balanced against the statute. Where, as here, the allegations underlying the unclean hands defense involve conduct that, if true, would undermine the spirit of the statute, the balance is clearly in

favor of not rewarding the alleged inequitable conduct.[2]

The Court of Chancery held a trial on Homestore's unclean hands defense and ultimately found that Homestore failed to establish "any credible proof" of that defense. Following the Court of Chancery's determination that Tafeen was entitled to advancement, Homestore disputed the reasonableness of the attorneys' fees sought by Tafeen and the Court of Chancery appointed a Special Master. The Court of Chancery subsequently approved the Special Master's Report.

On April 27, 2005, the Court of Chancery entered a Final Order and Judgment ordering Homestore to: (i) pay $3,983,986.86 to Tafeen for fees and expenses incurred through November 30, 2004; (ii) pay interest totaling $206,015.84 through April 4, 2005; and (iii) advance Tafeen's legal fees and expenses going forward according to the procedure specified in the Final Order and Judgment. On May 20, 2005, Homestore filed a Motion for a Stay Pending Appeal. The Court of Chancery denied Homestore's motion.

### Standard of Review

Homestore has filed an appeal with this Court on the merits and also appeals from the Court of Chancery's denial of its Motion For a Stay Pending appeal. The latter application is the only matter to be decided at this time. The merits of Homestore's appeal will be decided in due course.

■ Supreme Court Rule 32(a) provides that "a stay or injunction pending appeal may be granted or denied in the discretion of the trial court, whose decision shall be

---

1. 1 Rodman Ward, Jr., et al., Folk on the Delaware General Corporation Law § 145.7 (4th ed. 2005).

2. *Tafeen v. Homestore, Inc.*, C.A. No. 023-N, slip op. at 19, 2004 WL 556733, at *7 (Del.Ch. Mar. 16, revised Mar. 22, 2004).

reviewable by this Court." In determining how to exercise its discretion, the Court of Chancery considered the four factors set forth by this Court in *Kirpat, Inc. v. Del. Alcoholic Bev. Control Comm'n,:*[3] (i) the likelihood of success on the merits of the appeal; (ii) whether Homestore would suffer irreparable harm if the stay was not granted; (iii) whether Tafeen would suffer substantial harm if the stay was granted; and (iv) whether the public interest would be served if the stay was granted. This Court reviews the Court of Chancery's decision under the abuse of discretion standard.[4]

### Court of Chancery Denies Stay

In considering the first *Kirpat* factor, the Court of Chancery held that Homestore "failed to demonstrate even the remotest likelihood of success on the merits of its appeal." The Court of Chancery noted that Homestore's motion contained a "laundry list" of all of the decisions in this case and attempted to reargue the same contentions that, according to the Court of Chancery, it had "already thoughtfully considered" and rejected. The Court of Chancery concluded that "[s]imply stating an intention to appeal is insufficient ... to demonstrate a likelihood of success on the merits."

With regard to the second *Kirpat* factor, the Court of Chancery held that Homestore "failed to demonstrate that it will suffer *any* irreparable harm." Homestore argued that paying Tafeen's advancement was a financial hardship. In support of that assertion, Homestore relied upon an affidavit that was seventeen months old. Homestore's current public filings were introduced by Tafeen to demonstrate that Homestore's financial condition has im-

proved significantly since the time of the affidavit. In fact, Homestore's records reflected an accrual of $7.2 million as an estimate of the potential advancement due to its former officers, including Tafeen. Thus, the Court of Chancery ruled:

Turning to the issue of irreparable harm to the movant, I am unpersuaded by Homestore's allegations of harm primarily because, as plaintiff points out, Homestore has provided the Court with no current evidence that it will suffer substantial and irreparable harm. Homestore correctly points out that unless this Court approves the current motion, that Tafeen will surely attempt to receive the advancement fees that this Court has ruled he is entitled to. To demonstrate irreparable harm, Homestore relies only upon the December 2003 affidavit of Homestore's General Counsel, Michael R. Douglas. This affidavit is more than a year and a half old, and is no longer sufficient to demonstrate to this Court that Homestore's financial condition is such that the payment of Tafeen's advancement would do irreparable harm to Homestore. In fact, as plaintiff points out, Homestore's financial condition is far less precarious than it was in December 2003, with Homestore now having cash and short-term investments of $62.9 million versus the $35.5 million it had as of December 31, 2003. Clearly, Homestore is financially much healthier than it was in 2003. In addition to Homestore's improved financial condition, Homestore's most recent quarterly report states that Homestore has already recorded an accrual of $7.2 million for its estimate of the potential advancement of legal costs to certain of its former officers, including Tafeen in the quarter ended September 30, 2004.

**3.** *Kirpat, Inc. v. Del. Alcoholic Bev. Control Comm'n,* 741 A.2d 356 (Del.1998).

**4.** *Id.* at 357.

It is clear to the Court that Homestore has failed to demonstrate that it will suffer any irreparable harm if the Court fails to approve its pending motion.

In considering the third *Kirpat* factor, the Court of Chancery found that "Mr. Tafeen would suffer severe and irreparable harm as a result of the stay because it would prevent Tafeen from adequately defending himself in the numerous ongoing litigations..." According to Tafeen, this protracted advancement litigation has imposed severe financial hardship on him, forced him to "selectively defend" himself in the underlying proceedings for which he seeks advancement, and "now threatens to deprive him of the ability to effectively defend himself in a criminal trial in which he faces decades in prison if convicted." The Court of Chancery was persuaded by the argument that Homestore's "proposed *supersedeas* bond simply does not address the irreparable harm to Mr. Tafeen because, by delaying payment, it would eliminate the value of *advancement* (as opposed to indemnification) altogether." The Court of Chancery stated:

> Tafeen has recently been indicted by the United States Department of Justice, the Securities and Exchange Commission has levied civil charges against him, and there are various other civil litigations in which he is a defendant. To date, Tafeen has incurred over $4.5 million in legal fees and expenses defending these suits, and he still owes payment on roughly $1.8 million more in legal fees. Additionally, Tafeen's criminal trial has been set to begin on July 12, 2005, and the government has estimated that it will take at least two months to put on its case. A stay, which would prevent Homestore's advancement payment from reaching Tafeen in time to pay for

his defense, would serve not only to deny Tafeen the very money that this Court believes he is contractually entitled to, but would also force Tafeen, who is severely short of funds, to selectively defend these various actions, a harm that could never be undone regardless of Homestore's supersedeas bond.

In addressing the fourth *Kirpat* factor, the Court of Chancery found that permitting Homestore to further delay its advancement obligations would be inimical to the public policy of this State of affording advancement claimants prompt and meaningful relief pursuant to Del.Code Ann. tit. 8, § 145(k). The Court of Chancery stated:

> The express purpose of 8 *Del. C.* § 145, which provides advancement and indemnification rights to officers and directors, is to "promote the desirable end that corporate officials will resist what they consider unjustified suits and claims, secure in the knowledge that their reasonable expenses will be borne by the corporation they have served if they are vindicated."[5] ... Clearly, to be of any value to the executive or director, advancement must be made promptly, otherwise its benefit is forever lost because the failure to advance fees affects the counsel the director may choose and litigation strategy that the executive or director will be able to afford. To grant Homestore's motion would allow it to continue to be derelict in its contractual protection of its directors/officers, and that would force its directors/officers to compromise their own litigations in the face of cost concerns, a result that is clearly against Delaware's policy of resolving advancement issues as quickly as possible.

**5.** *Stifel Financial Corp. v. Cochran,* 809 A.2d 555, 561 (Del.2002) (quoting 1 Rodman Ward, Jr., et al., Folk on the Delaware General Corporation Law § 145.7 (4th ed. 2005)).

### Discretion Exercised Properly

 The decision to grant or deny a motion for a stay pending appeal is reviewed for an abuse of discretion on appeal. It is generally recognized that an abuse of discretion can occur in "three principal ways: when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." [6] In this case, the record reflects that the Court of Chancery considered all four of the relevant *Kirpat* factors and did not consider any irrelevant or improper factors. In weighing the equities the Court of Chancery concluded that "the more equitable solution would be to allow Tafeen to claim the advancement

that is due to him, and if on appeal the Supreme Court believes that he was not entitled to such monies, that he then be required to pay such monies back to the best of his ability."

 In the absence of legal error, decisions that are entrusted to the discretion of a trial court are by their very nature exercised within a range of choices that may go either way.[7] The record reflects that the Court of Chancery properly exercised its discretion in denying Homestore's Motion for Stay Pending Appeal. Accordingly, that judgment by the Court of Chancery is affirmed.

**6.** *Kern v. TXO Production Corp.,* 738 F.2d 968 (8th Cir.1984).

**7.** *Id.*