IN THE SUPREME COURT OF THE STATE OF DELAWARE

DAVID STEVENS,1 §
 § No. 375, 2014
 Respondent Below, §
 Appellant, § Court Below–Family Court of
 § the State of Delaware in and for
 v. § New Castle County
 §
ANNE BROWN, § File No. CN11-04885
 § Pet. No. 13-33723
 Petitioner Below, §
 Appellee. §

 Submitted: October 28, 2014
 Decided: November 25, 2014

Before HOLLAND, RIDGELY and VALIHURA, Justices.

 ORDER

 This 25th day of November 2014, upon consideration of the parties’ briefs on

appeal and the appellant’s motion for a stay pending appeal, it appears to the Court

that:

 (1) The appellant, David Stevens (hereinafter “Father”), filed this appeal

from the Family Court’s order dated July 2, 2014 that granted custody of the

parties’ five-year old child (hereinafter “the Child”), by default, to the appellee,

Anne Brown (hereinafter “Mother”) and visitation to Father (hereinafter “default

custody/visitation order”). By Order dated July 14, 2014, this Court denied

1
 By Order dated July 11, 2014, the Court assigned pseudonyms to the parties. Del. Supr. Ct. R.
7(d).
Father’s request for a stay of the default custody/visitation order because Father

had not demonstrated that he sought a stay from the Family Court in the first

instance as required.2

 (2) Father then filed a motion for stay in the Family Court. By order

dated October 8, 2014, the Family Court denied the stay, and Father filed a motion

for stay in this Court. Mother has not responded to Father’s motion for stay.

 (3) We review the denial of a stay for an abuse of discretion.3 In this

case, the Family Court carefully and thoroughly applied the requisite four-part test

when ruling on Father’s motion for stay.4 Having reviewed Father’s submissions

and the October 8, 2014 order, we conclude that the Family Court’s denial of a stay

pending appeal was not an abuse of discretion.

 (4) Turning to the merits of Father’s appeal, the record reflects the

following procedural history. On December 28, 2012, Mother filed a petition for

an order of protection from abuse (“PFA”) against Father and for custody of the

Child. On December 28, 2012, the Family Court issued a temporary ex parte PFA

order and awarded temporary custody of the Child to Mother. Thereafter, when

Father did not appear at the full hearing on the PFA petition, the Family Court

2
 See Del. Supr. Ct. R. 32(a) (“A motion for stay must be filed in the trial court in the first
instance.”).
3
 Homestore, Inc. v. Tafeen, 886 A.2d 502, 504 (Del. 2005).
4
 See id. (discussing four factors set forth in Kirpat, Inc. v. Del. Alcoholic Bev. Control Comm’n,
741 A.2d 356 (Del. 1998)).
 2
granted the petition by default and issued a PFA order (hereinafter “the PFA

order”). As for Mother’s request for custody of the Child, the court “decline[d] to

issue a custody provision” and stated in the PFA order that “[e]ither party [was]

free to file a separate custody/visitation petition,” that “[m]atters of custody,

visitation, and/or support addressed through this order are done so on a temporary

basis,” and that “[s]eparate civil petitions must be filed with the Court in order to

have permanent orders entered on these matters.”

 (5) Six months later, on June 28, 2013, Father filed a motion to vacate the

PFA order. Mother appeared at the hearing on the motion, but Father did not. By

order dated July 15, 2013, the Family Court dismissed Father’s motion to vacate.

 (6) On October 24, 2013, Mother filed a petition for custody of the Child.

Mother’s request for priority scheduling on the petition was denied. Following two

failed attempts to personally serve Father with the custody petition, notice of the

petition was published in a newspaper in Baltimore, Maryland, where Father

resided. Thereafter, Mother’s second request for priority scheduling on the petition

was denied.

 (7) On June 12, 2014, Father filed an answer opposing Mother’s custody

petition. Father argued that the Family Court “lack[ed] jurisdiction to adjudicate

[custody] based on the doctrine of collateral estoppel.” According to Father, the

PFA order “denied [Mother] custody effectively divesting jurisdiction, which now

 3
estops [the] . . . custody petition because [Mother] has already had her bite of the

proverbial apple by raising the custody issue when she successfully applied for an

ex parte PFA.” Also, Father asserted that he was “totally and permanently

disabled,” and he requested “that the court rule on the papers given [his] disability,

which precludes unnecessary travel.”

 (8) On July 2, 2014, the Family Court held a hearing by teleconference on

Mother’s custody petition. Mother appeared at the hearing, but Father did not. At

the conclusion of the hearing, the Family Court issued the default

custody/visitation order that granted sole custody of the Child to Mother and

visitation to Father. In the order, the Family Court found that:

 Father failed to participate notwithstanding the fact that a
 scheduling letter was sent to him dated June 16, 2014
 advising both parties that they were directed to contact
 the Court at the phone number provided on the letter
 prior to the day of the teleconference. . . . [T]he court
 notes that it did receive unsolicited correspondence from
 Father dated June 21, 2014 which was returned to him as
 ex-parte communication, but [ ] which [ ] indicated that
 he was well aware of having received the June 16, 2014
 scheduling letter. The Court is therefore satisfied that
 jurisdiction was properly obtained over him, especially
 since Mother further obtained publication notice on him
 and Father filed an answer to the petition.

 Also in bold was the sentence ‘You are still required to
 contact our office even if you believe that we have your
 phone number on record.’ The notice goes on further in
 the following paragraph that states ‘Failure to participate
 may result in the case being dismissed or a default
 judgment being entered.’
 4
 (9) On appeal, Father asks this Court to overturn the default

custody/visitation order on the basis that the Family Court “lack[ed] jurisdiction to

adjudicate [custody] based on the doctrine of collateral estoppel.” Also, Father

argues that the court’s finding of default was an abuse of discretion given that his

jurisdictional issue was pending before the court, and that his June 21, 2014

correspondence to the court “had a telephone number prominently included” that

the court “neglected to employ.”

 (10) Father argues that the doctrine of collateral estoppel precludes

Mother’s petition for custody because Mother’s request for custody was declined

in the preceding PFA order. Father’s argument is without merit. Collateral

estoppel does not apply here. Collateral estoppel precludes a party from

relitigating a fact issue that was litigated and decided in a prior action.5 In this

case, when adjudicating Mother’s PFA petition, the Family Court expressly

“decline[d] to issue a custody provision” and stated that “[e]ither party [was] free

to file a separate custody/visitation petition,” that “[m]atters of custody, visitation,

and/or support addressed through this order are done so on a temporary basis,” and

that “[s]eparate civil petitions must be filed with the Court in order to have

5
 Gunn v. U.S. Bank National Ass’n, 2011 WL 6009676 (Del. Dec. 1, 2011) (citing M.G.
Bancorporation, Inc. v. LeBeau, 737 A.2d 513, 520 (Del. 1999)).
 5
permanent orders entered on these matters.” Mother’s custody petition is not

precluded under collateral estoppel.

 (11) The record reflects that Father was notified by scheduling letter of the

custody hearing and was advised that “[f]ailure to participate may result in . . . a

default judgment being entered.” Father chose not to participate in the

teleconference hearing. Under these circumstances, we find no abuse of discretion

in the Family Court’s issuance of the default custody/visitation order.6

 NOW, THEREFORE, IT IS ORDERED that Father’s motion for stay

pending appeal is DENIED. The judgment of the Family Court is AFFIRMED.

 BY THE COURT:

 /s/ Henry duPont Ridgely
 Justice

6
 See Anderson v. Anderson, 2014 WL 4179116 (Del. Aug. 21, 2014) (affirming default
judgment entered on petition to modify custody when hearing was properly noticed and Father
did not appear). But see Harper v. Harper, 826 A.2d 293 (Del. 2003) (reversing denial of
motion to open default judgment and remanding for hearing on the merits of petition to modify
custody).
 6