IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVEAR WHITTLE, | § | |
| | § | |
| Defendant Below, | § | No. 405, 2015 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 111101324 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 23, 2016
Decided:   April 28, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## O R D E R

This 28th day of April 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)   The appellant, Davear Whittle, filed this appeal from the Superior Court's denial of his first motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Whittle's opening brief that his appeal is without merit. We agree and affirm.

(2)   In 2012, a Superior Court jury found Whittle guilty of Murder in the Second Degree and related crimes. Whittle was sentenced to forty-nine years of

Level V incarceration, suspended after forty-four years for decreasing levels of supervision. On appeal, this Court reversed the judgment of the Superior Court and remanded for a new trial.[1]

(3) On November 7, 2014, Whittle pled guilty to Manslaughter, as a lesser included offense of Murder in the Second Degree and Possession of a Firearm During the Commission of a Felony ("PFDCF"). As part of the plea agreement, the State agreed to enter a *nolle prosequi* on the remaining charges and to recommend that Whittle be sentenced: (i) for Manslaughter, twenty-five years of Level V incarceration, suspended after four years for decreasing levels of supervision; and (ii) for PFDCF, five years of Level V incarceration (the minimum mandatory). The Superior Court sentenced Whittle, effective September 11, 2011, as follows: (i) for Manslaughter, twenty-five years of Level V incarceration, suspended after twenty years for decreasing levels of supervision; and (ii) for PFDCF, five years of Level V incarceration. Whittle did not file a direct appeal.

(4) On May 29, 2015, Whittle filed a motion for postconviction relief under Rule 61 and a letter requesting appointment of counsel. In his motion for postconviction relief, Whittle asserted the following claims: (i) ineffective assistance of counsel based upon his failure to investigate the case before the plea agreement,

---

[1] *Whittle v. State*, 77 A.3d 239, 248 (Del. 2013) (holding prosecutor's improper vouching during closing argument deprived Whittle of his right to a fair trial).

2

failure to inform Whittle fully of the plea conditions, and failure to provide evidence of his innocence at sentencing; (ii) conflict of interest because the Superior Court judge who presided over his case on remand was previously Chief Deputy Attorney General; and (iv) excessive sentencing because his sentence for Manslaughter was greater than the Delaware Sentencing Accountability Commission ("SENTAC") guidelines.

(5) In an order dated July 8, 2015, the Superior Court denied Whittle's motion for postconviction relief and request for appointment of counsel. As to his request for motion appointment of counsel, the Superior Court concluded that Whittle had not shown he was entitled to counsel under Rule 61(e)(2) because, among other things, he had not set forth a substantial claim of ineffective assistance of counsel in relation to his guilty plea. As to his motion for postconviction relief, the Superior Court concluded that: (i) the ineffective assistance of counsel claim was meritless because counsel acted reasonably in connection with sentencing; (ii) the conflict of interest claim was meritless because records were checked to confirm that the Superior Court judge had no familiarity with Whittle's case from his time at the Department of Justice; and (iii) the excessive sentencing claim was meritless because the Superior Court was not bound by the State's recommendation and Whittle acknowledged in his Truth-in-Sentencing Guilty Plea Form that the maximum penalty for his crimes was fifty years of Level V incarceration.

3

(6) On July 10, 2015, Whittle filed a motion for recusal and for an evidentiary hearing on the grounds that the Superior Court judge served as the Chief Deputy Attorney General at the time of his trial. Whittle also sought an evidentiary hearing to establish breaches of the plea agreement. Whittle filed another motion for appointment of counsel. On July 20, 2015, Whittle filed an untimely motion for reargument amending his claims for postconviction relief and asserting new claims.[2] On July 31, 2015, Whittle filed a notice of appeal of the Superior Court's July 8, 2015 order denying his motion for postconviction relief and his request for appointment of counsel.

(7) In a letter dated September 30, 2015, the Superior Court informed Whittle that, in light of this appeal, it lacked jurisdiction to consider Whittle's motions. On October 9, 2015, Whittle filed a motion for stay of the proceedings so the Superior Court could consider all of the motions he had filed since the denial of his motion for postconviction relief. On October 15, 2015, the Superior Court denied the stay, informing Whittle that this Court had jurisdiction over the matter and Whittle would need to seek a stay in this Court. Whittle has not done so.

---

[2] A motion for reargument must be filed within five days after the filing of the court's decision. Super. Ct. Crim. R. 57(d) ("In all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule or in any lawful manner not inconsistent with these rules or the rules of the Supreme Court."); Super. Ct. Civ. R. 59(e) ("A motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision.").

4

(8)    We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[3] The procedural requirements of Rule 61 must be considered before any substantive issues are addressed.[4] Whittle's claims on appeal may be summarized as follows: (i) the Superior Court judge should have been disqualified because he was Chief Deputy Attorney General less than one year before he was assigned to preside over Whittle's case as a judge; (ii) the Superior Court erred when it denied Whittle's motion for postconviction relief and when it did not find that his guilty plea was unknowing and involuntary; (iii) the Superior Court erred when it denied Whittle's request for appointment of counsel; and (iii) the Superior Court erred when it denied Whittle's motion to stay. Whittle does not argue that his sentence was excessive because it exceeded the SENTAC guidelines and has therefore waived that claim.[5]

(9)    Rule 61(i)(3) bars relief for a claim that was not asserted in the proceedings leading to the judgment of conviction, unless the movant shows cause for relief from the procedural default and prejudice from violation of the movant's rights. No motion to disqualify the Superior Court judge was filed in the proceedings leading to Whittle's conviction. Whittle claims that the Superior Court judge and

---

[3] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).
[4] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[5] Supr. Ct. R. 14(b)(vi)(A)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal."); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993) (holding issue that was not raised in opening brief was waived).

State failed to inform him that the Superior Court judge's employment as Chief Deputy Attorney eleven months before the case was assigned to him disqualified him from presiding over Whittle's case, but the record reflects that the Superior Court judge discussed the matter with Whittle's counsel and the State. During that discussion, the Superior Court judge stated that he had no recollection of the case from his time as Chief Deputy Prosecutor and the prosecutor stated that a search of the Department of Justice records did not reflect any communications with him about the case. Whittle has not shown cause for the procedural default or a basis to overcome the procedural bar of Rule 61(i)(3).[6]

(10) The procedural bars of Rule 61 do not apply to Whittle's claims of ineffective assistance of counsel. To prevail on his ineffective assistance of counsel claims, Whittle must establish that: (i) his counsel's representation fell below an objective standard of reasonableness; and (ii) but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[7] Whittle's conclusory and unsupported claims that his counsel failed to investigate his case or inform him of (unspecified) conditions of the plea

---

[6] Super. Ct. Crim. R. 61(i)(5) (providing that Rule 61(i)(3) does not apply to a claim that the court lacked jurisdiction, a claim that new evidence exists creating a strong inference that the movant is actually innocent of the acts underlying the charges, or a claim that a new rule of constitutional law applies retroactively to the movant's case and renders the conviction invalid).

[7] *Strickland v. Washington*, 466 U.S. 668, 687-88 (Del. 1984).

6

agreement were insufficient to establish ineffective assistance of counsel.[8] As to Whittle's claim that his counsel failed to provide evidence of his innocence at sentencing, the Superior Court did not err in concluding that Whittle's counsel acted reasonably in light of Whittle's guilty plea.

(11) Whittle's claim that his guilty plea was not knowing and voluntary is contrary to the Truth-in-Sentencing Guilty Plea Form and plea colloquy. In the Truth-in-Sentencing Guilty Plea Form, Whittle indicated that he freely and voluntarily pled guilty, he was not promised anything that was not stated in his plea agreement, he understood he was waiving certain constitutional rights, no one promised him what his sentence would be, and he was satisfied with his counsel's representation. The Truth-in-Sentencing Guilty Plea Form further reflected that the maximum sentence for Whittle's crimes was fifty years of Level V incarceration. During the guilty plea colloquy, Whittle affirmed that he wanted to plead guilty to Manslaughter and PFDCF, he freely and voluntarily pled guilty, he understood that he was waiving certain constitutional rights, and he understood the maximum sentence was fifty years.

(12) As to Whittle's contention that plea agreement provided for immediate, rather than deferred, sentencing at the time he signed it, the plea colloquy reflects

---

[8] *See, e.g., Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996) (concluding that conclusory and unsupported assertions of ineffective assistance failed to establish that defense counsel acted unreasonably or that defendant was prejudiced).

7

that neither Whittle nor his counsel objected to deferred sentencing. In fact, Whittle's counsel stated that the defense was working on a mitigation report to present to the Superior Court. In the absence of clear and convincing evidence to the contrary, which Whittle has not provided, Whittle is bound by his statements in the Truth-in-Sentencing Guilty Plea Form and during the plea colloquy.[9] To the extent Whittle attempts to incorporate by reference additional arguments he made in his Superior Court filings, those arguments have been waived.[10]

(13) Contrary to Whittle's contentions, the Superior Court did not err in denying his motion for appointment of counsel. Under Rule 61(e)(2), the Superior Court may only appoint counsel for the first timely postconviction motion of a defendant who pled guilty if the Superior Court determines: (i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the guilty plea; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) there are specific exceptional circumstances.

---

[9] *Somerville v. State*, 703 A.2d 629, 632 (Del. 2008).

[10] Supr. Ct. R. 14(b)(vi)(A)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal."); *Ploof v. State*, 75 A.3d 840, 866 (Del. 2013) (holding defendant waived issues that were incorporated by reference to Superior Court briefing).

8

(14)   As Whittle points out, direct appellate review of his ineffective assistance of counsel claims was unavailable.  The Superior Court did not err, however, in concluding that the first motion for postconviction relief did not set forth a substantial claim of ineffective assistance or extraordinary circumstances warranting appointment of counsel.  Whittle claims that space limitations prevented him from setting forth a substantial claim of ineffective assistance or extraordinary circumstances in his motion for postconviction relief, but ignores that the instructions attached to his motion provide that a movant may write on the back of the page if more space is needed and may submit a legal memorandum.

(15)   Finally, Whittle contends that the Superior Court erred in denying his motion to stay for lack of jurisdiction.  Supreme Court Rule 32(a) provides that a motion to stay pending appeal must be filed first in the trial court, the trial court retains jurisdiction over the motion, and the trial court must rule on the motion regardless of whether an appeal is pending.  In considering whether to grant a stay, a court must: (i) make a preliminary assessment of the movant's likelihood of success on appeal; (ii) assess whether the movant will suffer irreparable harm if the stay is not granted; (iii) assess whether any other interested party will suffer substantial harm if the stay is granted; and (iv) consider whether the public interest

9

will be harmed if the stay is not granted.[11] We review the denial of a stay for an abuse of distraction.[12]

(16) Although Whittle is correct that the Superior Court possessed jurisdiction over the motion to stay, he has not shown that the Superior Court erred in denying the motion to stay. Whittle never filed a motion to stay in this Court. Whittle was not actually seeking a stay of the Superior Court's order denying his motion for postconviction relief pending the outcome of this appeal, but rather a do-over of that motion with additional claims that he could have included, but did not include, in the original motion. Whittle has not shown that the *Kirpat* factors weighed in favor of granting a stay. Under these circumstances, the Superior Court did not err in denying Whittle's motion to stay.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

---

[11] *Kirpat, Inc. v. Delaware Alcoholic Beverage Control Comm'n*, 741 A.2d 356, 357 (Del. 1998).
[12] *Homestore, Inc. v. Tafeen*, 886 A.2d 502, 504 (Del. 2005).

10