IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HANNA A. LAYTON and LINDA A. COSTAS,[1] | § § § | No. 376, 2018 |
| Respondents Below-Appellants, | § § § | |
| v. | § § | Court Below—Family Court of the State of Delaware |
| JACKSON P. LAYTON, | § § § | C.A. No. CN15-04403 Petition No. 17-34580 |
| Petitioner Below-Appellee. | § § | |

Submitted: August 6, 2018
Decided: August 9, 2018

Before **VAUGHN, SEITZ**, and **TRAYNOR**, Justices.

## ORDER

This 9th day of August 2018, upon consideration of the appellants' Motion for Emergency Stay of July 18th Ex Parte Order ("Motion to Stay"), the appellee's response, and the appellants' reply, it appears to the Court that:

(1)     On July 20, 2018, the appellants, Hanna A. Layton ("the Mother") and Linda A. Costas ("the Grandmother") filed this appeal from a Family Court order ("Removal Order"), dated July 18, 2018, granting the Motion for Emergency Ex Parte Order filed by the appellee, Jackson P. Layton ("the Father"), after the Family Court granted the Father's petition to rescind the Grandmother's guardianship and

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

gave the Father sole custody of the Mother and the Father's two daughters ("the Daughters") in an order dated July 17, 2018 ("Rescission Order") that is the subject of a separate appeal, No. 377, 2018. Under the Rescission Order, transfer of the Daughters was to take place at the New Castle County Police Department on July 20, 2018. In the Motion for Emergency Ex Parte Order, the Father sought immediate removal of the Daughters from the Grandmother based on her behavior and the Mother's behavior after the July 17, 2018 Order and the risk of immediate and irreparable harm to the Daughters. The Family Court granted the motion in the Removal Order, ordering the immediate removal of the Daughters from the Grandmother, transferring physical custody of the Daughters to the Father, ordering the Mother to stay at least 100 yards away from the Daughters during the transition, and prohibiting the Grandmother from having contact with the Daughters after their removal. The Daughters were transferred to the Father's care on July 18, 2018.

(2) On July 31, 2018, the Mother and the Grandmother filed the Motion to Stay. The Family Court denied the Motion to Stay, finding that the relevant factors did not weigh in favor of a stay. The Mother and the Grandmother argue that the Rescission Order and the Removal Order were erroneous and that the Daughters should be returned to the Grandmother pending appeal. They wish to introduce videos they took of the Daughters to show the trauma suffered by Daughters as a result of the Family Court orders. The Father argues that the Family Court did not

2

err in denying the stay, and that any emotional trauma suffered by the Daughters is a result of the Mother and the Grandmother's conduct, including their contempt and disobedience of multiple Family Court orders.

(3) The Motion to Stay must be denied. First, the Motion to Stay, as well as this appeal, is moot. Transfer of the physical custody of the Daughters to Father already has occurred. To the extent Mother and Grandmother are requesting the return of custody of the children to Grandmother, such relief is not properly sought through a motion for stay of the Removal Order. Mother and Grandmother filed a separate appeal of the Rescission Order in No. 377, 2018.[2] No party sought a stay of the Rescission Order before the custody transfer occurred. To the extent Mother and Grandmother are requesting reversal of the Rescission Order, such relief is not properly granted through a motion to stay in this appeal.

(4) Second, even if the Motion to Stay had been timely filed, the Family Court did not err in concluding that the relevant factors weighed against a stay. We review the trial court's denial of a stay for an abuse of discretion.[3] In considering whether to grant a stay, a trial court must: (i) make a preliminary assessment of the movant's likelihood of success on appeal; (ii) assess whether the movant will suffer irreparable harm if the stay is not granted; (iii) assess whether any other interested

---

[2] To the extent the Grandmother objects to the provision of the Removal Order prohibiting her from having any contact with the Daughters, she can raise that in appeal No. 377, 2018.
[3] *Homestore, Inc. v. Tafeen*, 886 A.2d 502, 504 (Del. 2005).

party will suffer substantial harm if the stay is granted; and (iv) consider whether the public interest will be harmed if the stay is granted.[4] These factors are not considered in isolation, but as part of a balancing of "all of the equities involved in the case together."[5]

(5)    As to the movants' likelihood of success on appeal, the Family Court noted that the Mother and Grandmother had been found in contempt multiple times for interfering with the court-ordered reunification efforts between the Father and the Daughters.  The Family Court concluded that the Mother would not suffer irreparable injury if a stay was denied because she did not have custody of the children at the time of Removal Order.  The Family Court also found that the Grandmother would not suffer irreparable injury.  The Family Court found that immediate placement of the Daughters with the Father was in their best interests because the Mother and Grandmother were obstructing the reunification process and inflating the Daughters' emotions.  Finally, the Family Court held that the public interest did not weigh in favor of a stay where the Mother and the Grandmother had obstructed the Family Court's efforts to reunify the Daughters with the Father and emotionally damaged the Daughters by, among other things, videotaping the Daughters during a traumatic time and displaying that video on social media.

---

[4] *Kirpat, Inc. v. Delaware Alcoholic Beverage Control Comm'n*, 741 A.2d 356, 357 (Del. 1998).
[5] *Id.* at 358.

4

(6)     Generally, "an abuse of discretion can occur in 'three principal ways: when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.'"[6]  Here, the record reflects that the Family Court considered the relevant factors, did not consider any irrelevant or improper factors, and did not commit a clear error of judgment in weighing the relevant factors.

NOW, THEREFORE, IT IS ORDERED that the motion for stay is DENIED as moot.  The appeal from the Removal Order is DISMISSED, *sua sponte* under Supreme Court Rule 29(c), as moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[6] *Homestore*, 886 A.2d at 506 (quoting *Kern v. TXO Production Corp.*, 738 F.2d 968, 970 (8th Cir.1984)).