**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

CHRISTIAN DOUGLAS WRIGHT
MAGISTRATE IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

Date Submitted: December 5, 2025
Date Decided: December 11, 2025

David J. Margules, Esquire
Emily C. Friedman, Esquire
Ballard Spahr LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801-3034

Re:   *Rushikesh Manche v. MVMT Labs, Inc.*,
C.A. No. 2025-1407-CDW

Dear Counsel:

Petitioner filed this advancement proceeding on December 3, 2025.[1] Two days later, without any apparent change in the circumstances that led to petitioner filing the petition and before the Chancellor had assigned this action, petitioner filed a "Motion for Preliminary Injunctive Relief of Interim Advancement."[2] The motion, succinctly stated, asks the court to award advancement before the court has determined petitioner is entitled to advancement. I deny the motion for three reasons.

First, the Motion has little to recommend it in the context of an advancement proceeding. Advancement cases are summary in nature. Under

---

[1] Verified Pet. for Advancement ("Pet."), Dkt. 1.

[2] Dkt. 5 ("Motion").

the court's current framework, where advancement cases are assigned to magistrates, the court strives to decide a plaintiff's entitlement to advancement within 60 days. This is explained to every advancement plaintiff in the Chancellor's standard assignment letter, including petitioner here.[3] The point is to get to a final resolution on the merits of entitlement promptly—so if a plaintiff needs to have entitlement determined more quickly than 60 days, the answer is not to seek preliminary injunctive relief ordering "interim advancement,"[4] it is to ask the court to put a faster schedule in place and explain why. Indeed, the court's *Guidelines for Persons Litigating in the Court of Chancery* convey this idea: "Summary proceedings generally can be completed in 45-90 days. A faster or slower schedule may be warranted based on external events or the complexity of the case."[5]

Second, the Motion fails because the irreparable harm of which petitioner complains[6] is present in every case where a company is alleged to have

---

[3] Dkt. 6.

[4] The incongruity of this Motion within an advancement proceeding is evident from the term "interim advancement" itself. Advancement is already something our Supreme Court has described as "immediate interim relief." *Homestore, Inc. v. Tafeen*, 888 A.2d 204, 211 (Del. 2005). So a request for "interim advancement" is, algebraically, a request for "interim immediate interim relief."

[5] *See Guidelines for Persons Litigating in the Court of Chancery* § 5.c.i. (Oct. 15, 2024), https://courts.delaware.gov/chancery/guidelines.aspx.

[6] Motion ¶ 13; Aff. of Rushikesh Manche ¶ 9, Dkt. 5.

improperly denied an advancement demand: the inability to hire the counsel or pursue the legal strategy of one's choosing due to cost concerns.[7] There is nothing said in the Motion or in petitioner's affidavit that cannot be said by virtually every advancement plaintiff appearing in our court. It is absolutely true, as the Supreme Court and this court have noted, that the denial of advancement can cause irreparable harm.[8] But that irreparable harm is why advancement cases are treated as summary proceedings; it is not a reason, by itself, to also add a layer of preliminary injunction motion practice on top of an already expedited schedule.

Third, the Motion seeks the same mandatory (and final) relief petitioner seeks via the petition.[9] A preliminary injunction that grants mandatory relief is rare.[10] This shows, once again, that the solution for an advancement plaintiff is

---

[7] *Gandhi-Kapoor v. Hone Cap. LLC*, 305 A.3d 707, 718–19 (Del. Ch. 2023) (quoting *Tafeen v. Homestore, Inc.*, 2005 WL 1314782, at *3 (Del. Ch. May 26, 2005), *aff'd*, 886 A.2d 502 (Del. 2005)).

[8] *See, e.g.*, *Homestore, Inc. v. Tafeen*, 886 A.2d 502, 505 (Del. 2005) ("[T]o be of any value to the executive or director, advancement must be made promptly, otherwise its benefit is forever lost[.]"); *Gandhi-Kapoor*, 305 A.3d at 719 (explaining that a covered person denied advancement "faces a threat of irreparable harm").

[9] *Compare* Pet. (Prayer for Relief) ¶ iii (requesting entry of order directing "Respondent to advance Petitioner's fees and expenses incurred in pursuing his right to advancement"), *with* Motion ¶ 19 (requesting "this Court order interim advancement of Petitioner Manche's expenses incurred pursuing his advancement claim").

[10] *See, e.g.*, *C & J Energy Servs., Inc. v. City of Miami Gen. Emps.' & Sanitation Emps.' Ret. Tr.*, 107 A.3d 1049, 1071 (Del. 2014) ("To issue a mandatory injunction

to get to a final merits hearing on entitlement on an appropriately prompt schedule, not to add a layer of preliminary injunction motion practice on top of this summary proceeding.

The primary authority on which petitioner relies to say the Motion and the relief sought are proper, a transcript ruling from *Perryman v. Stimwave Technologies, Inc.*,[11] does not compel a different result. Contrary to petitioner's suggestion, the court in *Perryman* did not grant interim advancement pending a final merits hearing on the plaintiffs' entitlement to advancement. Rather, the court granted advancement "pending a determination of the validity" of the indemnification agreements containing the advancement right.[12] *Perryman* did

---

requiring a party to take affirmative action . . . the Court of Chancery must either hold a trial and make findings of fact, or base an injunction solely on undisputed facts."); *In re El Paso Corp. S'holders Litig.*, 41 A.3d 432, 449–51 (Del. Ch. 2012) (stating mandatory injunctive relief is "not a traditional negative injunction that can be done without an evidentiary hearing or undisputed facts").

[11] C.A. No. 2020-0079-SG, Dkt. 45 (Del. Ch. Apr. 1, 2020) (TRANSCRIPT).

[12] *Id.* at 35 ("I am prepared to enter an order that . . . provides for advancement rights pending a determination of the validity of the contract."); *see also Perryman v. Stimwave Techs., Inc.*, 2020 WL 2465720, at *1 (Del. Ch. May 13, 2020) ("Here, I ordered Stimwave to provide advancement while the parties resolve the issue of the validity of the underlying indemnification agreements."). I acknowledge there are references elsewhere in the court's May 13, 2020 letter opinion in *Perryman* characterizing the bench ruling as requiring the company to "advance fees pending a final determination of the Petitioners' entitlement to advancement" (*id.* at *1), but I believe it is clear from the context that what the court meant there was the validity of the underlying indemnification agreements from which the advancement right arose. In other words, if the indemnification agreements were ultimately determined to be invalid, there would be no entitlement to advancement and any funds previously advanced would have to be returned. *See id.* at *4 ("I note that the Petitioners'

not grant the right to interim advancement prior to a full advancement hearing,

and it does not stand for that proposition now.[13]

      For all of these reasons, the Motion is denied.

                        Very truly yours,

                        /s/ *Christian Douglas Wright*

                        Magistrate in Chancery

---

undertakings to repay give the Respondent a legal right to recovery, if the Indemnification Agreements prove unenforceable.").

[13] The court is aware of two other recent cases in which the plaintiff requested interim advancement and relied on *Perryman*. The court denied the request in both cases. *See, e.g.*, *Leiske v. Kidd*, C.A. No. 2025-0426-CDW, Dkt. 28 (Nov. 17, 2025); *Yudin v. FrontPorch AI LLC*, C.A. No. 2025-0954-DH, Dkt. 21 (Sept. 18, 2025).